(62 Misc. Rep. 324.)

### In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Westchester County. July, 1907.)

1. COSTS (§ 2*)—NATURE.

Costs in general are sums allowed to a successful litigant as compensation for his expenses incurred in the litigation.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 26; Dec. Dig. § 2.* For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

2. EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—COSTS—"EXPENSES AND DISBURSEMENTS."

Laws 1905, p. 2027, c. 724, as amended by Laws 1906, p. 736, c. 314, being an act to provide for an additional supply of water for the city of New

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

In the matter of the application of the board of Water Supply of the City of New York to acquire lands for the Catskill Aqueduct. Motion for confirmation of report of commissioners of appraisal. Report confirmed in part.

Francis K. Pendleton, Corp. Counsel, and Henry T. Dykman, Special Counsel, for City of New York.

Ridgway & Dessar, for claimants.

MILLS, J. The commissioners of appraisal in section No. 2 in the above-entitled matter have made their first report, and the statutory motion for its confirmation is now made and submitted to the court. Upon the hearing of the same the city objected to the provision of the report wherein the commissioners recommend that costs to the sum of $55 be allowed to each claimant to whom an award has been made in the report. Such objection is made upon the ground that the commissioners have no power to recommend the allowance of such costs and that the court has no power to make such allowance. The attorneys for the claimants maintain that such power exists under section 3240 of the Code of Civil Procedure, and that the recommendation should be accepted by the court, and the costs allowed in each instance.

Briefs have been submitted by the opposing counsel. In each brief the case of Matter of City of Brooklyn (2d Dept.) 88 Hun, 176, 34 N. Y. Supp. 991, and 148 N. Y. 107, 42 N. E. 413, is cited and relied upon as a controlling authority in support of the contention maintained therein. In that case condemnation proceedings had been taken under a special statute, viz., chapter 481, p. 960, of the Laws of 1892, by which the city of Brooklyn condemned and acquired the franchises and property of the Long Island Water Supply Company. That statute made no provision whatsoever upon the subject of costs or allowances. In that case it was held, both by the General Term and by the Court of Appeals, that, inasmuch as the special statute did not make any provision whatever upon the subject of costs or allowances, section 3240 of the Code of Civil Procedure, which authorizes the court, in its discretion, to allow in a special proceeding the costs of an action, was applicable. In that particular case the question arose as to the making of an extra allowance, and the decision was that, while the regular costs of an action might be allowed under said section, no power existed to make an extra allowance. It therefore appears that the test by which the question now presented to this court for determina-

tion is to be decided is the question whether or not the special act, viz., chapter 724, p. 2027, of the Laws of 1905, as amended by chapter 314, p. 736, of the Laws of 1906, provides upon the subject of costs. If it does so provide, then the general statute, viz., section 3240 of the Code of Civil Procedure, is not applicable; but, if it does not so provide, such section is applicable. Such special statute, under which this proceeding has been taken, does provide for the allowance to parties of sums "as expenses and disbursements, including reasonable compensation for witnesses," and for allowances for counsel fees, not exceeding the limits prescribed by section 3253 of the Code of Civil Procedure. See section 13, c. 724, p. 2035, of the Laws of 1905, as amended by chapter 314, p. 739, of the Laws of 1906, and section 32, c. 724, p. 2045, of the Laws of 1905.

Costs in general are sums allowed to a successful litigant as compensation for his expenses incurred in the litigation. Upon the whole, therefore, it seems to me that this special statute, under which this proceeding is being conducted, does in substance provide for costs under the characterization of "expenses and disbursements," although it does not use the express term "costs." I therefore think that the general statute, viz., section 3240 of the Code of Civil Procedure, is not applicable, and that the commissioners should not have recommended the allowance of costs thereunder, and that this court has no power to allow such statutory costs.

It is agreed by all parties that the provisions of the general condemnation law as to costs are not applicable to this proceeding. Therefore the report is not confirmed as to the recommendation of the allowance of $55 costs to each claimant, or, rather, the recommendation to that effect, contained in the report, is not accepted or followed by the court, and such costs are not allowed. The report in all other respects is confirmed.