## WALLACH v. BAUMRYTER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. FRAUDULENT CONVEYANCES ☜271—OVERCOMING PRESUMPTION.

　　Any presumption, under Personal Property Law (Consol. Laws, c. 41) § 44, of a transfer in bulk of a stock of trade being fraudulent as to a creditor of the transferor not notified by the transferor, is overcome by proof of the transferor receiving full consideration.

　　[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 796–798, 821; Dec. Dig. ☜271.]

2. FRAUDULENT CONVEYANCES ⊚⟝297—EVIDENCE OF INSOLVENCY.

Regarding a transfer of a stock in trade being fraudulent, insolvency of the transferor at the time thereof is not established by return unsatisfied of an execution against her a year after the transfer.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 891; Dec. Dig. ⊚⟝297.]

3. FRAUDULENT CONVEYANCES ⊚⟝49—PROPERTY OF ANOTHER.

Any conveyance by a wife to her husband of property which was his, and in his possession, and not hers, cannot be fraudulent as to her creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 105, 106, 111; Dec. Dig. ⊚⟝49.] ·

Appeal from Special Term, New York County.

Action by Joseph G. Wallach against Mary Baumryter and husband. From a judgment for plaintiff on a decision after trial, defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Israel Ben Scheiber, of New York City, for appellants.
Alfred B. Nathan, of New York City, for respondent.

McLAUGHLIN, J. The defendant Mary Baumryter, by a bill of sale dated March 12, 1913, acknowledged on the same day and filed in the office of the register of the county of New York on the 18th of March, 1913, sold to her husband, Harry Baumryter, a stock of goods consisting of general merchandise and fixtures in a store at No. 1315 Boston road. This action was brought to set aside the sale on the ground it was made with intent to hinder, delay, and defraud creditors, and for an accounting. The plaintiff had a judgment setting aside the sale and providing that in the event Harry Baumryter had, prior to the trial of the action, disposed of the property, a personal judgment should be entered against him in favor of the plaintiff for $588.22, with interest from the 22d of December, 1913. Both defendants appeal. There are several reasons why this judgment cannot be sustained.

[1] First. At the trial it appeared that on the 1st of September, 1911, Mrs. Baumryter leased from the plaintiff, for a term of two years, premises No. 1362 Boston road, where, for several months, she had a store, dealing in general merchandise. Before the expiration of her lease she abandoned the premises and moved to No. 1315 Boston road, where a similar business was conducted by her. The rent which she had agreed to pay for premises at No. 1362 Boston road was $55 a month, and when the bill of sale in question was executed she owed to the plaintiff three months' rent, or $165. The consideration mentioned in the bill of sale was one dollar, and the assumption by the husband of the debts of his wife to certain specified persons, not including the plaintiff. But she testified, and she was corroborated by her son Morton, and the testimony was not contradicted, that the actual consideration was the assumption by the husband of the debts to the persons named and the payment to her by him of

$300 in cash. The fact was also undisputed that the value of the goods and fixtures sold was about $2,500, which was substantially the amount of the debts assumed by the husband.

It is urged that the judgment should be affirmed, because a notice, as provided in section 44 of the Personal Property Law, was not given to the plaintiff. This section provides, in substance, that the transfer of an entire stock of goods in trade, in bulk, shall be presumed to be fraudulent and void as against the creditors of the transferor, unless the transferee shall, at least five days before the transfer, in good faith, make an explicit inquiry of the transferor as to the names and addresses of each, and all of his creditors, and within that time, in good faith, notify or cause to be notified, personally or by registered mail, each of such creditors of which such transferee has knowledge. The defendant Harry Baumryter testified that he gave notice to all of the creditors of his wife of whom he had any knowledge; that he did not know the plaintiff was a creditor and therefore did not notify him. The plaintiff not having received notice, the transfer was only presumptively fraudulent and void as to him, and when it appeared that the husband, by assuming the debts of his wife and making the cash payment, paid all that the property was worth, this presumption was removed. The sale certainly cannot be said to have been fraudulent if the wife received the full consideration for the property transferred. She had a right to sell her property for the purpose of paying her debts, and also the right to say which creditor should be first paid out of the proceeds of the sale. The purchaser having paid full value, the sale was not fraudulent or void, nor did it come within the terms of the statute making it even presumptively fraudulent.

[2] Second. The bill of sale, as already indicated, was made on the 12th of March, 1913. Judgment was not recovered against Mrs. Baumryter by plaintiff for the rent of premises No. 1362 until over nine months thereafter, and execution was not issued and returned unsatisfied until over a year after the bill of sale was executed. The return of an execution unsatisfied, a year after the transfer, did not establish insolvency at the time of such transfer. This is precisely what was held in Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063. In addition to this, it affirmatively appeared that she did then have sufficient to pay all of her debts in full, because the husband assumed, in the bill of sale, to pay all the creditors except the plaintiff, and she received in cash more than enough to pay what was then due him. No proof was offered that she did not then have other property.

[3] Third. The findings of fact are also fatal to the judgment. The stock of goods, as already indicated, was in a store at No. 1315 Boston road. The trial court found (findings of fact VI and VII) that from the 19th of February, 1911, the defendant Harry Baumryter conducted in premises at No. 1362 Boston road a place of business, and was the owner and in possession of a stock of merchandise and fixtures therein, which was, on the 12th of March, 1913, of the value of $2,500, and that on the 12th day of March, 1913, Mrs. Baumryter

executed a bill of sale transferring "the aforesaid business and assets to her husband." These two findings, if true, show that she did not, at that time, own the property which was transferred. The conclusion of law, therefore, that the transfer of the goods in No. 1315 Boston road to the husband was fraudulent and void is not sustained by the findings of fact. But if it be assumed that the findings of fact were an inadvertence, and the same might be corrected on appeal, nevertheless the same cannot be here corrected, because the evidence would not justify a finding that the transfer was made with intent to hinder, delay, and defraud the creditors of Mrs. Baumryter, or that it was fraudulent and void as to them.

Upon each of the grounds stated, the judgment appealed from is reversed, and the findings of fact Nos. X, XIII, XVI, and XVII, and the conclusions of law based thereon, are reversed, and the complaint dismissed, with costs. All concur.

---

### In re REID et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. TRUSTS ⏎172—ESTABLISHMENT—AUTHORITY OF CREATOR OF TRUSTS.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 227; Dec. Dig. ⏎ 172.]

2. TRUSTS ⏎222—TRUSTEES—ACTS OF.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 319; Dec. Dig. ⏎222.]

3. TRUSTS ⏎222—TRUSTEES—ABUSE OF DISCRETION.

In such case, as the firm appeared solvent, although its profits fluctuated from year to year, the lending of the money to the firm upon its unsecured note was not an abuse of discretion by the trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 319; Dec. Dig. ⏎222.]