Court directing distribution of the estate of Edward W. Herendeen, deceased. The question presented was whether a one-sixth part of the estate of deceased, which was devised to Edward G. Herendeen, now deceased, should be paid by the trustee to the executor of the last will and testament of Edward G. Herendeen, deceased, to be by him distributed under the will of Edward G. Herendeen, or whether the said one-sixth part of said estate should be distributed by the trustee under the will of said deceased to the sons of Edward G. Herendeen by virtue of a substitution clause contained in the 5th item of the will in question.

*Mordecai Casson, Jr.*, for appellant.

*B. L. Newman* and *Edward J. Cook* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

STARR PIANO COMPANY, in Behalf of Itself and Others, Appellant, *v.* MICHAEL A. SAMMAK et al., Respondents.

*Debtor and creditor — fraudulent conveyance — liability of transferee to account for assets conveyed.*

*Starr Piano Co.* v. *Sammak*, 202 App. Div. 767, affirmed.

(Argued February 27, 1923; decided March 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1922, which unanimously affirmed an order of Special Term declaring void as to creditors a transfer of property by defendant Michael A. Sammak, appointing a receiver and directing defendant Sammak Piano Company to account for and turn over to said receiver all property which had come into its possession by virtue of said transfer.

The following question was certified: " Is the defendant, Sammak Piano Company, Inc., liable to account to the receiver appointed herein for all of the assets of Michael A. Sammak which were transferred to it by the transfer made in violation of the Bulk Sales Act on October 19,

1919, and in particular the leases or conditional sale contracts and notes which the defendant held to secure the balance of the unpaid purchase price for musical instruments which he had sold? "

*B. L. Newman* for appellant.

*David N. Heller* and *Frank C. Ogden* for respondents.

Order affirmed, with costs. Last part of question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

NEW YORK PNEUMATIC SERVICE COMPANY et al., Respondents, *v.* P. T. COX CONTRACTING COMPANY, Appellant.

*Contract — provision in contract for changing grade of street that contractor shall move, alter, readjust or rebuild pneumatic tubes belonging to public service corporation — when corporation may maintain action against contractor for cost of relocating said tubes.*

*N. Y. Pneumatic Service Co.* v. *Cox Contracting Co.,* 201 App. Div. 33, affirmed.

(Argued January 24, 1923; decided March 20, 1923.)

APPEAL from a judgment entered June 28, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiffs. Plaintiffs maintained pneumatic tubes under the surface of Fourth avenue in the city of New York. A change of grade having been determined on the city entered into a contract with defendant to do the work by the terms of which the contractor expressly undertook to move, alter, readjust or rebuild pneumatic tubes and mail tubes and to do all such additional and incidental work as might be necessary for the reconstruction and restoration of all surface, sub-surface and overhead structures which might have been directly or indirectly affected, disturbed or injured by the contractor in the progress of the work of construction, to as