KIRKHOLDER & RAUSCH COMPANY, Plaintiff, *v.* HAROLD W. BRIDGLAND and A. B. WILLIAMS COMPANY, INC., Defendants.

Supreme Court, Wayne County, April, 1923.

Sales — debtor and creditor — sale of goods in bulk — when statute not complied with — liability of purchaser to creditors of seller — subsequent bankruptcy of seller immaterial.

A statute (Pers. Prop. Law, § 44) declaring a sale in bulk of any part or the whole of a stock of merchandise, etc., void as against the creditors of the seller unless the specific requirements of the statute are complied with, is a valid enactment.

While conducting a general retail store the principal defendant, who at the time was insolvent, sold all of his stock of groceries to his codefendant at full value. By separate dealings with other persons he also sold in bulk all his paint and hardware and fixtures. All of the sales were for cash, and though the money received by the seller was applied in payment of debts it was not sufficient to pay all of his creditors. The provisions of section 44 of the Personal Property Law were not complied with and the notice to the creditors of the seller was not given as required by the statute. *Held*, that the transfer to the codefendant was void and that an action to hold it accountable to the creditors of the seller for the subject-matter of the transfer was maintainable notwithstanding the bankruptcy and subsequent discharge of the seller.

ACTION under the Bulk Sales Law to have declared void a transfer of a stock of goods.

*M. M. Kelly* (*Charles T. Ennis*, of counsel), for plaintiff.

*Charles P. Williams*, for defendant A. B. Williams Company, Inc.

CUNNINGHAM, J. This action is brought to hold the defendant A. B. Williams Company, Inc., accountable to creditors of Harold W. Bridgland for goods of the latter transferred to defendant Williams Company, without complying with the provisions of section 44 of the Personal Property Law. This section of the Personal Property Law makes void as against creditors of the seller a sale in bulk of any part or the whole of the stock of merchandise, or of merchandise and of fixtures, " unless the seller, transferrer or assignor and the purchaser, transferee or assignee shall at least five days before the sale make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferrer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor  *  *  *  with the amount of the indebtedness due or owing to each and certified by the seller, transferrer or assignor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the

purchaser, transferee or assignee shall at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

This statute is a valid enactment. *Klein* v. *Maravelas*, 219 N. Y. 383.

In the fall of 1920 Bridgland was conducting a general retail store at Sodus Point. Shortly after Labor Day of that year Bridgland sold to the defendant A. B. Williams Company all of his stock of groceries for the sum of $2,105.80. Bridgland received from the other defendant full value for this property. He also sold all his paint and hardware in bulk to one Jacob M. Garlock and his fixtures in bulk to Oliver M. Dibble. He applied the money so received in payment of his debts. However, he was insolvent at the time and the money so received was not sufficient to pay all of his creditors. It is admitted that the provisions of the Personal Property Law were not complied with and that notice was not given to creditors as required by it.

Defendant contends that as full value was paid for the goods and the money was applied in payment of Bridgland's debts the sale cannot be declared void under the statute. If Bridgland had been solvent at the time of the transfer, if he received full value for the goods and applied the proceeds to the payment of his debts, then it is possible that the transfer might not have been held invalid. *Wallach* v. *Baumryter*, 170 App. Div. 618; affd., 224 N. Y. 652.

At the time the *Wallach* case was decided section 44 of the Personal Property Law provided that a transfer of goods in bulk without giving notice as required therein " shall be presumed to be fraudulent and void as against the creditors of the transferrer." Laws of 1909, chap. 45. This section was amended by chapter 507 of the Laws of 1914 by striking out the words " shall be presumed to be fraudulent " and making such a transfer absolutely void.

Under the former law the question of the invalidity of the transfer depended upon the fraudulent intent of the parties. If it were proved that there was no fraudulent intent then the transfer was not illegal. But the legislature must have intended by the amendment of 1914 to make a transfer in violation of its terms absolutely void, even though lack of fraudulent intent of the parties was conclusively shown.

In *Apex Leasing Co., Inc.,* v. *Litke*, 173 App. Div. 323; affd., 225

N. Y. 625, the court calls attention to this provision of the law and says: " It will be noticed that the Bulk Sales Act, as it now stands, declares a transfer made in violation thereof absolutely void irrespective of any fraudulent intent on the part of the transferrer."

In *Mach* v. *Baum*, 98 Misc. Rep. 607, it is said: " Nor does it matter at all that the sale be made in good faith. It may be that the act in its present form was drawn upon the theory that as fraudulent intent is difficult of proof it is better that all sales be conclusively presumed to have been made in bad faith. But whatever may have been the theory of the legislature its mandate is clear that the sale to be valid must be accompanied by the performance on the part of the vendor and the vendee of the prescribed conditions."

One of the purposes of the statute is to put all creditors upon the same footing and to give each an equal opportunity to protect his claim. When an owner of goods who is insolvent transfers his stock without complying with the terms of the act and pays some of his creditors with the proceeds, he has given such creditors preference in violation of the intent and terms thereof. If Bridgland had applied the proceeds of the sale *pro rata* among his creditors, the defendant might then be in a position to assert that the sale was not made contrary to the spirit of the statute. The transfer in this case was a transgression of the plain letter of the law and resulted in giving a preference to certain creditors and depriving others of the opportunity given them by the statute to seek relief before the proposed sale could be made effective.

On June 23, 1921, the defendant Bridgland was adjudicated a bankrupt and on October 18, 1921, was duly discharged from all debts and claims that were provable against his estate. The plaintiff in this action proved his claim against Bridgland in the bankruptcy proceeding. However, a trustee was not appointed and no assets were discovered and the creditors received nothing in that proceeding. The defendant claims that if the sale made by Bridgland to the Williams Company were void the title to the goods remained in Bridgland and passed to the trustee in bankruptcy and that, therefore, the plaintiff cannot maintain this action. Undoubtedly, if a trustee had been appointed he would have had the right to sue to set aside this transfer, but the difficulty with defendant's contention is that no trustee was appointed in whom title could vest.

In *Dewey* v. *Moyer*, 72 N. Y. 70, it was held that when an assignee in bankruptcy refuses or neglects to sue for or reclaim property fraudulently transferred by the bankrupt, the creditors

may commence an action to reach the property. There was a question in that case also as to whether such defense was properly pleaded. It was affirmed by the United States Supreme Court (*Moyer* v. *Dewey*, 103 U. S. 301) upon the ground that the defense had not been pleaded. The court in the course of its opinion said: " If, therefore, in the present case, it had been made to appear by the record properly before the Court of Appeals that an assignee had been appointed, and he had properly qualified and accepted such appointment, we do not see how the plaintiffs could have recovered judgment for the value of the property." This case seems to hold directly that such rule will apply only when a trustee has been appointed and has qualified.

In *McCarty* v. *Light*, 155 App. Div. 36, 41, it was held that the lien of a judgment recovered within four months before the adjudication of the debtor as a bankrupt survived his discharge, although the debt on which it was recovered was proved in the bankruptcy proceeding, where the trustee in bankruptcy elected not to take the property upon which the judgment was a lien and the interest of the bankrupt therein was not sold in the bankruptcy proceeding. The court said: " I am of the opinion, however, that since the property was never subjected by the trustee to the jurisdiction of . the Bankruptcy Court the lien thereon was not affected thereby, and that the plaintiff may enforce the same against the property in question under the State law."

In *Skilton* v. *Coddington*, 185 N. Y. 80, it was held that it was the intention of the Bankruptcy Act to permit adverse claimants to property to establish their rights by suits in state courts.

It is well settled that even when a trustee in bankruptcy is appointed he may refuse to accept or may abandon property of the bankrupt and that such property reverts to the bankrupt after his discharge. *Sessions* v. *Romadka*, 145 U. S. 29.

The right of creditors of a bankrupt to bring an action against a surety or guarantor or other third person upon a separate liability is not affected by the discharge of the bankrupt. *Wood & Selick Co.* v. *Vanderveer*, 55 App. Div. 549; *King* v. *Block Amusement Co.*, 126 id. 48; affd., 193 N. Y. 608; *Hillyer* v. *LeRoy*, 179 id. 369.

I am of the opinion that the transfer by Bridgland to the A. B. Williams Company was void and that plaintiff may maintain this action notwithstanding the bankruptcy and subsequent discharge of Bridgland.

Judgment in favor of the plaintiff, with costs.

Judgment accordingly.