THORNDIKE & HIX LOBSTER COMPANY, Appellant, *v.* HOWARD N. HALL, Doing Business under the Name and Style of BOWHALL's FISH MARKET, Respondent.

Third Department, May 24, 1928.

Sales — bulk sales — Personal Property Law, § 44, cannot be evaded by plea of good faith or by sale of fixtures and stock separately — strict compliance with statute is necessary to validity of sale — sale of debtor's properties to defendant was void as to creditors — plaintiff is entitled to appointment of receiver.

The defendant's brother-in-law owned and operated a fish market and became indebted to the plaintiff. Thereafter, he sold the fixtures of the market to the defendant and after that sale had been consummated he sold the stock of goods then on hand to the defendant. The sale of the fixtures and the sale of the goods were in effect one transaction. No notice was given to the creditors as required by section 44 of the Personal Property Law regulating sales of goods in bulk.

The validity of the sale does not depend upon the good faith of the defendant, for the statute specifically requires definite steps to be taken in order to make the sale valid, and the defendant was bound to know that there were no creditors of his brother-in-law before he could safely purchase the property without violating section 44 of the Personal Property Law. Since it is conceded that the requirements of the statute were not followed, the sale to the defendant was void.

The plaintiff, having obtained a judgment against the defendant's brother-in-law, which remains unsatisfied, is entitled to the appointment of a receiver.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 25th day of August, 1927.

*Charles E. Hardies* [*Chandler S. Knight* of counsel], for the appellant.

*Dwyer & Dwyer* [*Matthew Dwyer* of counsel], for the respondent.

PER CURIAM.  In October, 1924, William H. Bowhall was conducting a business in the city of Amsterdam known as " Bowhall's Fish Market."  Bowhall had theretofore purchased certain goods of the plaintiff and was indebted therefor.  There were other creditors and Bowhall estimated the amount of his indebtedness at $2,500.

With his business in this situation he undertook to make a sale of the entire business to his brother-in-law, the defendant.  The latter had no experience in the business and lived in a small village thirty miles away.  The negotiations began about October first, and from time to time during the month Hall advanced sums of money, some of which at least Bowhall applied on his indebtedness. The transaction was closed November first by the execution of a written bill of sale, which transferred the fixtures used in the business from Bowhall to Hall.  Shortly after the execution of this instrument Hall took possession of the market and also bought the small stock of goods then on hand.  During these negotiations Hall was informed that Bowhall had creditors and knew that some of the money he advanced was being applied in payment of Bowhall's debts.  At the time the bill of sale was made there was included in it a warranty that Bowhall had no creditors who had not been paid in full.  This was untrue, for a substantial portion of Bowhall's debts remained unpaid at the time of the transfer.  No notice to the creditors was given, such as is required by the terms of section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507) regulating sales of goods in bulk, and known as the Bulk Sales Act.

The defendant claims that he is innocent of any wrongful purpose; that he acted in good faith; that there was no sale of merchandise in bulk with the fixtures, and that his acts were not violative of the statute.

The purpose of the statute is reasonably clear.  It was to prevent a person engaged in the mercantile business, who had incurred debts, from preferring one or more of his creditors by a sale of his entire stock to them, and to prevent fraud in making such sale for cash and disposing of the proceeds, leaving the creditors remediless.

37

(*Mott* v. *Reeves*, 125 Misc. 511, 512; affd., 217 App. Div. 718.) Back of the statute there must have been a real need. (*Klein* v. *Maravelas*, 219 N. Y. 383, 386.) The language of the statute is positive and its purpose is restrictive. The sale is declared to be void as against creditors of the seller unless an inventory is taken and notice is given to the creditors.

Concededly the requirements of the statute were not followed. The methods employed by Bowhall and Hall in attempting to make separate transfers of the fixtures and the stock were apparently intended to be evasive of the statute. Their acts are not characterized by genuine good faith, even if we were to consider that an element. Defendant was bound to know that there were no creditors before he could safely take the risk of purchasing property of this kind.

The sale was void. (*Mach* v. *Baum*, 98 Misc. 607; *Kirkholder & Rausch Co.* v. *Bridgland*, 120 id. 565.) The plaintiff has obtained judgment against Bowhall on the indebtedness which remains unsatisfied. It is entitled to the appointment of a receiver. (*Hersch Corporation* v. *Goldberg*, 126 Misc. 857.)

The judgment should be reversed on the law and the facts, with costs, and the matter remitted to Special Term to enter judgment and to have a receiver appointed.

Findings of fact numbered 4, 5, 13, 14, 17, 18, 19, 22 and 24 are disapproved and reversed; and this court finds as facts that the defendant had knowledge before the purchase of the merchandise and fixtures that Bowhall had creditors and he did not require an inventory of the property and a list of the creditors, and further that the purchase of the fixtures and stock of goods was in effect one transaction.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Judgment reversed on the law and facts, with costs, and the matter remitted to Special Term to enter judgment and to have a receiver appointed.

Findings of fact numbered 4, 5, 13, 14, 17, 18, 19, 22 and 24 are disapproved and reversed; and this court finds as facts that the defendant had knowledge before the purchase of the merchandise and fixtures that Bowhall had creditors and he did not require an inventory of the property and a list of the creditors, and further that the purchase of the fixtures and stock of goods was in effect one transaction.