THORNDIKE & HIX LOBSTER COMPANY, Plaintiff, *v.* HOWARD N. HALL, Doing Business under the Name and Style of BOWHALL's FISH MARKET.

Supreme Court, Montgomery County, August 3, 1928.

Sa'es — bulk sales — sale set aside, under Personal Property Law, § 44 — statute applies only to tangible assets and not to good will — costs — judgment below was reversed " with costs " by Appellate Division — costs of trial and on appeal rest in discretion of court, under Civil Practice Act, §§ 1477, 1490, subd. 2 — defendant must pay costs of trial as well as costs on appeal.

A judgment, in an action by a creditor to set aside a sale as in violation of section 44 of the Personal Property Law, which was in favor of the defendant, was

reversed by the Appellate Division, with costs and with the direction that the Special Term enter judgment and have a receiver appointed.

Section 44 of the Personal Property Law applies only to tangible assets of a business and does not include the good will thereof, and, therefore, the receivership cannot extend to the good will.

The contention by the defendant that the costs recoverable by the plaintiff must be collected out of the property coming into the hands of the receiver is not sustained.

Costs in the trial court and in the Appellate Division rest in the discretion of the court under section 1477 and subdivision 2 of section 1490 of the Civil Practice Act. In view of the fact that the defendant was involved in a fraudulent sale, the court directs that the costs of the trial and on appeal be assessed against him personally.

MOTION to settle judgment and appoint receiver pursuant to order of Appellate Division.

*Charles E. Hardies,* for the plaintiff.

*Dwyer & Dwyer [Matthew Dwyer* of counsel], for the defendant.

GOLDSMITH, J. A judgment of the Trial Term dismissing the complaint herein upon the merits and awarding costs to the defendant against the plaintiff was reversed on appeal to the Appellate Division " on the law and facts, with costs, and the matter remitted to Special Term to enter judgment and to have a receiver appointed." (223 App. Div. 576.) A controversy has arisen over the settlement of the provisions of the judgment.

This action was instituted to avoid a transfer made to the defendant of the entire business of a judgment debtor of the plaintiff in alleged violation of section 44 of the Personal Property Law.* The appellate court has found in substance that the transaction constituted a sale of goods in bulk otherwise than in the ordinary course of business and was void through failure of the defendant to ascertain and notify the creditors of the seller as required by the statute.

The initial question to be determined is the extent of the relief to which plaintiff is entitled. It seeks to have the receivership authorized by the law cover the good will as well as the merchandise and fixtures included in the transfer. The plaintiff's rights herein are derived solely from the statute and are prescribed by its language. The statute, being in derogation of the common law and of one's right to dispose of his own property without restriction, must be strictly construed. (*Mott* v. *Reeves,* 125 Misc. 511, 512; affd., 217 App. Div. 718.) Section 44 (*supra*) specifies " stock of merchandise, or merchandise and of fixtures pertaining to the conducting of the business " to be within the inhibitions of its

* As amd. by Laws of 1914, chap. 507.— [REP.

provisions. The reference is plainly to tangible personal property. The opinion of the Appellate Division herein indicates that the purpose of the statute is to reach stock and fixtures. In *Starr Piano Company* v. *Sammak* (235 N. Y. 566) the receiver was denied possession of leases, conditional sale contracts and notes. The analogy is perfect. Good will is an intangible asset which is not comprehended within the scope of the statute. The full relief desired cannot be reached in this action. The judgment is limited to the merchandise and fixtures transferred.

The defendant urges that the costs recoverable by the plaintiff in this action must be collected out of the property coming into the hands of the receiver. Attention is directed to the case of *Klein* v. *Maravelas* (89 Misc. 466) which holds that the statute does not contemplate or authorize a personal judgment against the vendee of the property transferred. This conclusion does not affect the imposition of costs. Under our practice costs do not flow naturally from legal proceedings, but are purely a creature of statute. (*Matter of Hill* v. *Sheldon*, 55 Hun, 44; *Matter of City of Brooklyn*, 148 N. Y. 107.) They are granted only in pursuance of some legislative enactment. (*Osborn* v. *Cardeza*, 208 N. Y. 131; 209 id. 530.) The purpose of an award of costs is to indemnify the successful party for the expense of maintaining his rights. (*Matter of City of N. Y.* [*Pine's Stream & East Meadow Stream*], 62 Misc. 61; affd., 129 App. Div. 929.) They are allowed to a successful litigant in compensation for his expenses incurred in the litigation (*Matter of Catskill Aqueduct, Section No. 2*, 62 Misc. 324), and from their character are presumed to create a personal liability against the unsuccessful party unless otherwise authorized and imposed.

This litigation is in the nature of a judgment creditor's action (*Klein* v. *Maravelas, supra*), and costs below and in the Appellate Division rest in the discretion of the court. (Civ. Prac. Act, §§ 1477, 1490, subd. 2; *Chipman* v. *Montgomery*, 63 N. Y. 221.) The order of the appellate court reversed the judgment below " with costs." The higher tribunal exercised its discretion by imposing costs on appeal. Without any further expression by that court in respect to such costs, the presumption follows that they were imposed as a personal charge and penalty against the defendant. The judgment for costs below was reversed and the matter remitted to Special Term. Costs of the trial are, therefore, before this court for consideration. (*Fulton* v. *Krull*, 151 App. Div. 142, and cases cited.) They likewise are discretionary. If the vendee could only be charged with such fraud as the law infers from a failure to comply with the statute, trial costs might properly be omitted or charged against the property recovered. (*Erickson*

v. *Quinn*, 47 N. Y. 410.) While actual fraud was not essential to invalidate the transfer (*Kirkholder & Rausch Co.* v. *Bridgland*, 120 Misc. 565), the appellate court has found that the methods employed by the defendant and his assignor "were apparently intended to be evasive of the statute" and that their acts were "not characterized by genuine good faith." In view of this clear expression of opinion by the appellate tribunal the Special Term should not grant any indulgence to the defendant in respect to the imposition of costs. Plaintiff is, therefore, entitled to trial costs against the defendant in addition to appeal costs.

Prepare judgment accordingly providing for the appointment of a receiver to be named by the court when proposed judgment is submitted.