WILLIAM L. BLUMBERG Co., INC., and Others, Plaintiffs, *v.* AL. FARBER and Another, Defendants.

Supreme Court, New York County, March 9, 1939.

*Isidor E. Leinwand*, for the plaintiffs.

*Feldman & Singer*, for the defendants.

COTILLO, J.   Motion is made by plaintiffs for an order to restrain defendant Farber from the sale, and defendant Broudy from the purchase of merchandise owned by Farber, allegedly in violation of the Bulk Sales Law (Pers. Prop. Law, § 44).   A notice of the proposed bulk sale for the sum of $400 was sent out to the creditors at least ten days before the sale.   The gist of plaintiffs' complaint is that the sale price is grossly inadequate.   The purchaser under the statute is required to obtain from the seller at least ten days before the sale, in addition to other matters, " a full and detailed inventory showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller * * * of each article to be included in the sale."   This inventory is to be retained in his possession for at least ninety days thereafter, during which time the same shall be open to inspection by any creditor of the seller.

The seller in his affidavit avers that the codefendant sent his man down, who took inventory, and the cost price of this inventory in so far as deponent has been able to ascertain is $1,256, including fixtures.   This does not comply with the statute.   The seller is required to make inventory of each article at its cost price, so that the creditors may investigate the reasonableness of the sale price, and the purchaser be put upon notice as to the reasonable value of the merchandise.   The statute was enacted to protect creditors, and unless the statute has been complied with a sale made in violation of its provisions is void.   The court realizes that proof of value is opinion evidence and there may be a wide difference of opinion as to values of merchandise sold in bulk.

The purchaser does not indicate that a sale has been made and the transaction is closed, so that in so far as the motion seeks relief against him it must be denied.   The seller, however, is required to file an inventory of cost of each article as required by the statute, and he is restrained until he has complied with the statute.   The remedy against the purchaser is reserved by the statute, for he is required to retain the inventory in his possession for ninety days, open to inspection by the creditors.   Whatever remedy the creditors may have against the purchaser of merchandise for an inadequate sum, it still obtains after the sale, if any.   The purchaser is put on notice by the requirement that the seller give the cost price of each article sold, and it is for him to assume the risk of a judgment creditor's action to recover the real value of the merchandise so purchased.   In any event, the court will not, on this motion, attempt to pass upon the value of merchandise so offered for sale,

based upon opinion evidence of its present value in bulk. As the statute seems to have been complied with except as to the seller as indicated, the motion as against the purchaser to enjoin his purchase is denied, without holding, however, that the price is adequate or inadequate. As against the seller, the motion is granted unless he shall file an inventory showing the cost price of each article so offered for sale. Settle order.