OPINION OF THE COURT
John Di Noto, J.
Motion brought by order to show cause by defendant, JS, Inc. (JSI), for an order vacating a default judgment herein on the ground that this court was without in personam jurisdiction, is granted. Defendant has sufficiently demonstrated that it was never served with a summons and complaint. It is, of course, beyond dispute that in the absence of proper service *667 there is no in personam jurisdiction (see, McMullen v Arnone, 79 AD2d 496).
Motion by defendant Robert Allen Fabrics, Inc. (Robert Allen) for summary judgment dismissing the complaint, inter alia, for being time barred by reason of the Statute of Limitations, is granted. Cross motion by plaintiffs for summary judgment against defendant, John Stuart, is denied.
In 1986, the plaintiffs purchased dining room furniture from John Stuart which was allegedly defective. In June of 1988, an agreement was reached with John Stuart whereby the furniture would be repaired and a partial refund of $11,500 would be made to plaintiffs.
The agreement was never effected and after several months of phone calls, plaintiffs received a letter indicating that they had to communicate "with the old John Stuart” in Milwaukee, Wisconsin, signed "the new John Stuart a division of Robert Allen Fabrics, Inc.”
When the "old John Stuart” was contacted, it responded by a letter stating that due to its sale of assets to Robert Allen Fabrics, Inc., on December 30, 1988 all moneys were being held in an escrow account, that it was out of business and that it was attempting to receive permission from Robert Allen Fabrics, Inc. to "handle and pay for certain valid service claims”.
This action was commenced in April 1990. The Statute of Limitations contained in UCC 6-111 bars this action commenced more than six months after the transfer of assets. This being the case, there is no need to reach other contentions advanced by plaintiff.