*366 OPINION OF THE COURT
Jose A. Padilla, Jr., J.
Plaintiff dry cleaning supply company commenced this action to recover $3,261.66 from defendant, purchaser/transferee of a dry cleaner, for goods sold and delivered to the seller/transferor of the dry cleaner, with interest along with reasonable attorney’s fees, costs and disbursements. A nonjury trial was held on January 30, 1995 and February 2, 1995. Two witnesses testified for the plaintiff: Mr. Harold Janow, president of the plaintiff corporation, and Mr. Amir Aziz Golhani, salesperson for plaintiff. Defendant Mr. Jose Fernando Garcia testified on his own behalf. Based on the testimony and evidence adduced at trial, the court makes the following findings of facts and conclusions of law:
facts:
Plaintiff, Cleaners Products Supply, Inc., is a distributor of dry cleaning supply products. In April 1990, plaintiff began selling merchandise to Federico Garcia, doing business as Friendly Cleaners, a dry cleaning business located in the Bronx. Federico Garcia’s initial purchases were made on a cash basis. He subsequently established a line of credit with the plaintiff whereby he received dry cleaning supply products and made payments upon receipt of invoices.
Plaintiff’s president, Mr. Harold Janow, testified that plaintiff maintained a record of Federico Garcia’s purchases made on credit. The account was listed under the name of Federico Garcia’s business, Friendly Cleaners. According to those records, Friendly Cleaners purchased dry cleaning supply products from plaintiff from January 1990 to April 1991. A statement of account and request for payment on outstanding balances was sent to Friendly Cleaners on a monthly basis. As of October 1991, Friendly Cleaners owed plaintiff $3,261.66.
Mr. Golhani, a salesperson for plaintiff, testified that he opened and handled the account of Friendly Cleaners. After Friendly Cleaners did not pay its dept, Mr. Golhani, in early 1992, personally visited the dry cleaner to collect the unpaid balance. He was then informed that Mr. Federico Garcia no longer owned the dry cleaner but had sold it to his brother, defendant Jose Fernando Garcia. He was also informed that Mr. Federico Garcia, the previous owner, was now operating a grocery store.
Mr. Golhani visited Mr. Federico Garcia at his new location *367 and requested payment on the outstanding balance due on the Friendly Cleaners account. Mr. Federico Garcia advised him that the defendant, the new owner of the dry cleaner, would handle the unpaid account. To this date, the debt remains unpaid.
Defendant testified that he is the present owner of the dry cleaner establishment referred to in this proceeding as "Friendly Cleaners.” He purchased the business from his brother, Federico Garcia, in the summer of 1993, and was purportedly unaware of any outstanding debts related to the dry cleaner business owned by his brother. Defendant managed the dry cleaner for almost a year before purchasing it. On August 8, 1993, he filed a business certificate with the Bronx County Clerk’s office that states that he was conducting business under the name of "Fox Dry Cleaners.” The dry cleaner, however, continued to be known as "Friendly Cleaners.” Moreover, defendant did not even bother to change the sign outside the store, referring to the establishment as "Friendly Cleaners,” after purchasing it. Defendant also made several cash purchases from plaintiff in 1993 and 1994 under the name of "Friendly Cleaners.”
discussion:
The parties agree that the sale of the dry cleaner to defendant is governed by article 6 of the Uniform Commercial Code, the Bulk Transfer Act (the Act). The Act was established to protect and provide a remedy to creditors of a merchant who sells or transfers all or a major part of his business without notice and without paying his creditors. (See, UCC 6-101, Official Comment; Seedman v Friedman, 132 F2d 290 [2d Cir 1942]; Blumberg v Farber, 170 Misc 930 [Sup Ct, NY County 1939]; Wolfe v Bellfair Hat Co., 47 NYS2d 908 [Sup Ct, Kings County 1944].) A bulk transfer under UCC 6-102 (1) is defined as any transfer in bulk, not in the ordinary course of the transferor’s business, of a major part of the materials, supplies, merchandise or other inventory (UCC 9-109) of an enterprise subject to article 6. Federico Garcia’s action of transferring all the materials, supplies and inventory of the Friendly Cleaners dry cleaner business to his brother, defendant Jose Fernando Garcia, was not in the ordinary course of business and thus is governed by the Act. (See, Flushing Natl. Bank v Abrams, 270 App Div 911 [2d Dept 1946], affd 296 NY 1009.)
*368 Transactions governed by the Act require the parties involved to adhere to certain prerequisites if they are to avoid and/or limit their liability from outstanding creditors. For example, UCC 6-104, entitled "Schedule of Property; List of Creditors”, provides:
"(1) Except as provided with respect to auction sales (Section 6-108), a bulk transfer subject to this Article is ineffective against any creditor of the transferor unless:
"(a) The transferee requires the transferor to furnish a list of his existing creditors prepared as stated in this section; and "(b) The parties prepare a schedule of the property transferred sufficient to identify it; and
"(c) The transferee preserves the list and schedule for six months next following the transfer and permits inspection of either or both and copying therefrom at all reasonable hours by any creditor of the transferor, or files the list and schedule in the department of state.
"(2) The list of creditors must be signed and sworn to or affirmed by the transferor or his agent. It must contain the names and business addresses of all creditors of the transferor, with the amounts when known, and also the names of all persons who are known to the transferor to assert claims against him even though such claims are disputed. If the transferor is the obligor of an outstanding issue of bonds, debentures or the like as to which there is an indenture trustee, the list of creditors need include only the name and address of the indenture trustee and the aggregate outstanding principal amount of the issue.
"(3) Responsibility for the completeness and accuracy of the list of creditors rests on the transferor, and the transfer is not rendered ineffectively by errors or omissions therein unless the transferee is shown to have had knowledge.”
UCC 6-105, entitled "Notice to Creditors”, states that any transfer subject to article 6, except one made by auction sale, is ineffective against any creditor of the transferor unless at least 10 days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of the transfer in the manner and to the persons provided in UCC 6-107. A creditor as referred to in the statute includes all creditors of a transferor regardless of whether they are judgment creditors or not. (See, UCC 6-109; Chemical Bank v Society Brand Indus., 624 F Supp 979 [SD NY 1985]; Himmelstein v Bach, 261 App Div 57 [3d Dept 1941]; Credit Dept. v *369 Graham Furniture & Appliances, 234 NYS2d 119 [Sup Ct, Kings County 1962].) Plaintiff, holder of a pretransfer claim, is therefore a creditor entitled to statutory notice.
Defendant argues that plaintiff received notice of the sale of the dry cleaner in early 1992 when plaintiff’s salesperson personally visited Friendly Cleaners and was informed that Federico Garcia was no longer the owner. Defendant, however, did not give the prescribed statutory notice or otherwise comply with the mandates of the statute. (See, Matter of Curtina Intl. v Plymouth Enters., 23 Bankr 969 [SD NY 1982].) Plaintiff’s generalized knowledge of the impending sale of the dry cleaner does not serve as substitute for the statutory notice as outlined in the Act. (See, Cinocco Realty v J.L.J., Ltd., 736 P2d 421 [Colo App 1987].)
A transfer in violation of the Act obligates the transferee to account to the transferor’s creditor for the value of the goods transferred. (Starr Piano Co. v Sammak, 202 App Div 767 [3d Dept], affd 235 NY 566 [1923].) Where the goods are resold, disposed of, commingled or cannot be identified, awarding of money judgment is justified. (Streamlight v International Health & Safety Corp., 108 Bankr 505 [ED Pa 1989]; Brod v Supreme Dress Co., 243 App Div 622 [2d Dept 1935].) Defendant’s failure to comply with the Act obligates him to pay for the value of the goods sold to his predecessor. As such, defendant is liable to plaintiff for the outstanding balance due on the Friendly Cleaners account.
Defendant argues that plaintiff’s cause of action is time barred because it was not commenced within the six-month Statute of Limitations as provided in UCC 6-111. (See also, Barber v Stuart, 153 Misc 2d 666 [Sup Ct, Nassau County 1991].) A Statute of Limitations defense must be affirmatively pleaded as a defense (CPLR 3018 [b]) or raised in a motion to dismiss, otherwise it is deemed waived (CPLR 3211 [e]). Since defendant waited until summation at trial to raise the defense, it is deemed waived. (See, Matter of Augenblick v Town of Cortlandt, 66 NY2d 775, rearg denied 67 NY2d 647 [1986].)
conclusion:
The court finds that the defendant did not comply with the prescribed notice requirement of the Act. Plaintiff, as creditor, *370 has therefore demonstrated entitlement to recover $3,261.66 from defendant, for goods sold and delivered, with interest as of October 24, 1991, along with $250 in attorneys’ fees, and costs and disbursements. Judgment is entered in favor of plaintiff.