OPINION OF THE COURT
David Demarest, J.
This is an action for goods sold and delivered between November 17, 1994 and February 27, 1995 inclusive, by plaintiff, United Stationers Supply Co. (United), to a business in Gouverneur, New York, known as Marble City Office Supply *174 (Marble City). Defendant Ronald L. Blair (Blair) has interposed an answer denying the allegations of the complaint and alleging as a defense that he sold Marble City to the defendant David Forsythe (Forsythe) on September 26, 1994 and that he has had no dealings with United after October 1, 1994. Default judgment was previously rendered against Forsythe.
Plaintiff now moves for summary judgment pursuant to CPLR 3212 against Blair, alleging it is entitled to judgment as a matter of law. Blair cross-moves for summary judgment dismissing the complaint.
United alleges it delivered goods to Marble City based upon a credit application executed by Blair in 1992 and upon his favorable credit rating. It further alleges that no notice of the sale of Marble City was given it in violation of New York’s Bulk Transfers Act (UCC art 6).
Blair’s sale of Marble City to Forsythe was clearly a "bulk transfer” as defined in UCC 6-102 and it is undisputed that notice of a bulk transfer pursuant to UCC 6-107 was not provided to United.
Blair takes the position that United is not a "creditor” entitled to notice and therefore he cannot be liable for sales to Marble City after October 1, 1994.
While the term "creditor” can mean more than one who holds a demand that is certain and liquidated (Chemical Bank v Society Brand Indus., 624 F Supp 979 [SD NY 1985]), it certainly applies to one who has a claim against the transferor at the time of transfer. (Cleaners Prods. Supply v Garcia, 165 Misc 2d 365 [Civ Ct, Bronx County 1995].) UCC 6-109 specifically limits creditors to those holding claims based on transactions or events occurring before the bulk transfer and those who become creditors after notice is given. Is one who maintains an open credit account in the name of the sold business who extends credit to that business after the transfer date a protected "creditor”? The answer is "no”.
The Uniform Laws Comment to UCC 6-101 notes that the purpose of a bulk sales law is to deal with a form of commercial fraud, namely: "The merchant, owing debts, who sells out his stock in trade to anyone for any price, pockets the proceeds, and disappears leaving his creditors unpaid.” (UCC 6-101, Comment 2 [b] [emphasis added].) To accomplish this end UCC 6-104 makes such a bulk transfer ineffective against any creditor not given notice by the transferee. "Advance notice to the seller’s '< creditors of the impending sale is an important protection *175 against [fraud], since with notice the creditors can take steps to impound the proceeds if they think it necessary.” (UCC 6-101, Comment 4.)
United held, at best, a contingent claim for future deliveries and the holder of a contingent claim has been held not to be a "creditor” under New York’s Bulk Transfers Act. (Sunrise Indus. Joint Venture v Ditric Optics, 873 F Supp 765 [ED NY 1995].) In Sunrise there was a lease between the plaintiff and Ditric, the bulk transferor, but rent was not due at the time of the sale. No notice of the transfer was given, but this did not trigger a remedy under UCC article 6. The court held that the central purpose of article 6, to prevent fraud, was not implicated "because at the time of the sale of Ditric’s assets Sunrise could not have done anything to the proceeds of the sale in order to protect itself, since there was no debt with regard to the rent existing at the time, and it did not otherwise have a security interest against Ditric’s assets. Simply put, notice to Sunrise of the sale of Ditric’s assets in April 1991 would have been ineffectual with regard to Sunrise’s interest in the lease payments.” (Supra, at 775.)
United does not have any claim against Blair for goods sold to Marble City after October 1, 1994. It does, however, have a valid claim against Blair for any balances due it from Marble City existing at the time of transfer. Conflicting affidavits have been submitted on this motion raising fact questions as to whether or not there was a balance due. Blair’s cross motion for summary judgment can, therefore, be granted only in part.
In summary, it is the decision of this court and it is hereby ordered that the motion of the plaintiff for an order granting summary judgment is, in all respects, denied, and it is further ordered that the motion of the defendant Blair for an order granting him summary judgment is granted as to any claims against Marble City arising after October 1, 1994, and it is further ordered that questions of fact exist as to existence of any balances due United as of October 1, 1994 and as to those claims Blair’s motion for summary judgment is denied.