(173 App. Div. 323)

### APEX LEASING CO., Inc., v. LITKE et al.

(Supreme Court, Appellate Division, First Department.	June 16, 1916.)

1. APPEAL AND ERROR ☞888(2)—AMENDMENT IN SUPREME COURT.

A complaint may be amended in the Appellate Division to conform to the proof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3619; Dec. Dig. ☞888(2).]

2. FRAUDULENT CONVEYANCES ☞214—SALES IN BULK—"CREDITOR."

Where a lessee transferred his stock of goods, without complying with the Bulk Sales Act (Personal Property Law [Consol. Laws, c. 41] § 44), early in December, when he owed the lessor for the December rent, and the lessor's judgment against the lessee was based upon such liability for the December rent, the lessor came within the provisions of the act, and was a "creditor," within its meaning.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 639, 640; Dec. Dig. ☞214.

For other definitions, see Words and Phrases, First and Second Series, Creditor.]

3. FRAUDULENT CONVEYANCES ☞214—SALES IN BULK—"CREDITOR."

Where a lessor of a store recovered against the lessee damages for failing to rent during January, the lessee having transferred his stock early in December without complying with the Bulk Sales Act, the lessor was not a "creditor" of the lessee within the meaning of the act, since at the time of the transfer of the stock there was only a contingent liability under the lease, not such as is protected by the act.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 639, 640; Dec. Dig. ☞214.]

4. STATUTES ☞239—CONSTRUCTION.

A statute derogatory of common law must be strictly construed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 320; Dec. Dig. ☞239.]

Appeal from Trial Term, New York County.

Action by the Apex Leasing Company, Incorporated, against Samuel Litke and the Litke Stores, Incorporated. From a judgment (93 Misc. Rep. 353, 158 N. Y. Supp. 21) setting aside a transfer of goods made by defendants, and from an order denying their motion to dismiss the complaint, and also from an auxiliary and supplemental

order appointing a receiver for defendants' property, defendants appeal. Judgment and orders reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and PAGE, JJ.

Arthur Furber, of New York City (Henry H. Glass, of New York City, on the brief), for appellants.

Walter H. Bond, of New York City, for respondent.

SMITH, J. The judgment appealed from proceeds upon the ground that the transfer of the property which has been set aside was void under the Bulk Sales Law, as amended by chapter 507 of the Laws of 1914. The question will be presented clearly by a concise statement of the facts. On September 10, 1913, the plaintiff leased to the defendant Litke a certain store at 744 Sixth avenue for a term of five years from the 1st of October, 1913, at an annual rental of $5,000, payable in equal monthly installments. The defendant Litke entered and conducted a business of buying and selling women's apparel. The defendant Litke also operated a similar store at 297 Grand street. To secure the performance of this lease the defendant Litke deposited $416.67, the equivalent of one month's rent. He failed to pay the installment of rent coming due December 1, 1914, and a few days thereafter the defendant corporation, Litke Stores, Incorporated, was organized, Litke's sister-in-law was the president of the corporation, and his wife the treasurer. On December 3d he sold his Grand street business and stock in trade to the corporation, which since that time has conducted the business there. His stock in the Sixth avenue store he sold to other purchasers. Later in the month of December the plaintiff dispossessed him from the Sixth avenue property, and by its terms the lease thereby became terminated. It was afterwards agreed between the parties that the moneys deposited for security should be applied to the December rent. By the terms of the lease the defendant Litke covenanted that in case he should fail to pay any installment, and the plaintiff should terminate the lease, the plaintiff might during the remainder of the term charge Litke with any loss which the plaintiff might incur by being obliged to relet the premises at a less rental than that reserved in the lease to Litke. The plaintiff was unable to relet the premises in January, and in March recovered a judgment against Litke for its damages, measured by the amount of one month's rental.

As before stated, the theory of this action is that this sale by Litke to the Litke Stores, Incorporated, was in violation of section 44 of the Personal Property Law, called the "Bulk Sales Act," by reason of the fact that the formalities prescribed by that law were not observed, and confessedly there was no attempt to comply with the terms of that act.

[1-4] There are several questions raised, which it is not necessary here to decide. It is first claimed that the action proceeds upon the invalidity of the sale of the stock in the Sixth avenue store, and that the complaint is drawn with an appropriate allegation therefor, while the proof shows a sale to the defendant corporation of the stock in

the Grand street store. The facts were stipulated, however, without objection as to their competency under the pleadings, and the complaint could even now be amended to conform to the proof. It is again objected that the Bulk Sales Act, as it now stands, has once been declared unconstitutional by the Court of Appeals, in Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338, 3 Ann. Cas. 263. Since the decision of that case, however, the United States Supreme Court has held to the contrary in Kidd v. Musselman Grocery Co., 217 U. S. 461, 30 Sup. Ct. 606, 54 L. Ed. 839. But it is not necessary to decide by which authority we should be here controlled, because, as we view this action, the plaintiff has not proven itself to be a creditor within the meaning of the Bulk Sales Act. The transfer was made early in December. At that time Litke was owing for the December rent. If this judgment had been upon that liability, the plaintiff would clearly come within the provisions of the act. That liability, however, was satisfied by the application of the deposit money, which Litke had made upon entering upon the lease, and the present recovery upon which this action is based is for damages for failing to rent the store in the month of January. At the time of this transfer that was only a contingent liability under the lease, and it was not such a liability as is protected by the Bulk Sales Act. See Matter of Hevenor, 144 N. Y. 271, 39 N. E. 393. In the Matter of Hevenor it was held that:

"A provision in an assignment for the benefit of creditors, directing the application of the assets to the payment by the assignee of all the debts and liabilities now due or to grow due, applies only to such debts and liabilities as can be ascertained or fixed when the assignment was made. It does not include a contingent liability, the amount of which, if it ever arises, can only thereafter be definitely fixed and ascertained."

The Bulk Sales Act being in derogation of common law must be strictly construed. The transfers therein specified are made void as against the creditors of the seller, unless such creditors' names are included in the inventory and a notice be given to such creditors of such sale. The provisions of the statute, therefore, could hardly be applicable to parties who were not creditors at the time of the transfer, and who only might become creditors upon the happening of some contingency. It will be noticed that the Bulk Sales Act, as it now stands, declares a transfer made in violation thereof absolutely void, irrespective of any fraudulent intent on the part of the transferor.

The judgment and orders, therefore, should be reversed, with costs, and the complaint dismissed, with costs. All concur.