CHARLES E. KIMBALL et al., Appellants, *v.* JACOB CASH, as Marshal, etc., Respondent.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Sales— when transfer of property by corporation to directors valid — evidence — Stock Corporation Law, § 66 — Personal Property- Law, §§ 44, 106, 107.

A transfer by a corporation of an automobile route conducted by it in the city of New York, together with several automobiles used in connection therewith, and also a list of its customers, etc., to three of its directors in consideration of their agreement to pay certain debts of the corporation, was part of an arrangement whereby they surrendered all their stock, severed their connection with the corporation, and all of its then existing debts were thereby paid. In an action by said directors against the city marshal for the conversion of one of the automobiles which he had levied upon and sold under an execution issued upon a judgment recovered against the corporation upon an indebtedness incurred after the transfer to said directors, although it was contended that the transfer of the automobiles was fraudulent and void against the creditors of the corporation, and that plaintiffs acquired no title thereto, there was no evidence of intentional actual fraud or design to cheat any one. *Held*, that the transfer was good and valid as between the parties, and that if there was any vice therein it must be found in some statutory provision or rule of law.

In the absence of evidence that the corporation had refused to pay any of its obligations the provision of section 66 of the Stock Corporation Law that " no corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash " did not apply, and the indebtedness to the judgment creditor having arisen since the transfer the case was not brought within the protection of section 44 of the Personal Property Law relating to sales in bulk.

Appellate Term, First Department, May, 1919.    [Vol. 107.

The effect of sections 106 and 107 of the Personal Property Law considered, and *held,* assuming that there was evidence to support a finding that there was not an actual and continued change of possession, yet it appearing by uncontradicted testimony that the sale was for value, there could have been no intent to hinder, delay or defraud creditors, either existing or future, any presumption of fraud arising from retention of possession was rebutted and plaintiffs were entitled to recover.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, after a trial by the court without a jury.

Edwin T. Taliaferro, for appellants.

Max E. Levine, for respondent.

PENDLETON, J.   The action is for damages for conversion against a city marshal who levied under an execution on an automobile.   Plaintiffs claim title to the automobile under a purchase from the judgment debtor.   It appeared that on August 29, 1917, the judgment debtor, a corporation, executed to plaintiffs, three of its directors, a bill of sale of '' the route now conducted by the party of the first part in Greater New York together with two Ford automobiles used in connection therewith, and also a list of customers in Greater New York and the office furniture used in connection with said route '' in consideration of their agreeing to pay certain debts of the company, amounting to about $700.   It further appeared that this transfer was part of an arrangement whereby the three directors surrendered all their stock and severed their connection with the corporation, and that all the then existing debts of the corporation were thereby paid.   Several months thereafter the indebtedness was incurred upon which the judgment was recovered, and

the levy and sale under the execution thereon is the conversion complained of. Defendant contends that as against the judgment creditor the transfer of the automobile in question was fraudulent and void and plaintiffs acquired no title thereto. That creditors who have acquired a specific lien by judgment and execution may set up as a defense to an action such as this that the transfer to plaintiffs was fraudulent as to creditors is well settled. *Hall* v. *Tuttle,* 8 Wend. 376. There is no evidence of intentional actual fraud and design to cheat creditors or anyone. The transaction appears to have been entirely proper and legitimate. Payment of all then existing creditors of the seller was provided for and they were paid, and the transaction is clearly good and valid as between the parties. If there is any vice in the transfer or bill of sale, it must be found in some statutory provision or rule of law. Defendant relies on several provisions of statute. Section 66 of the Stock Corporation Law provides: "No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash."

There was no evidence the corporation had refused to pay any of its obligations and this provision has therefore no application. Section 44 of the Personal Property Law relating to sales in bulk, so called, even if otherwise applicable, has no relevancy here, as all the debts of the company existing at the time of the transfer have been paid, and the indebtedness to the judgment creditor arose subsequently thereto, and such creditors are not within the protection of that

statute. *Apex Leasing Co., Inc.,* v. *Litke,* 173 App. Div. 323. Defendant cites section 36 of the Personal Property Law, which reads as follows:

" Sales and charges other than chattel mortgages without delivery and change of possession.— Every sale of goods and chattels in the possession or under the control of the vendor, and every assignment of goods and chattels by way of security or on any condition, but not constituting a mortgage nor intended to operate as a mortgage, unless accompanied by an immediate delivery followed by actual and continued change of possession, is presumed to be fraudulent and void as against all persons who are creditors of the vendor or person making the sale or assignment, including all persons who are his creditors at any time while such goods or chattels remain in his possession or under his control or subsequent purchasers of such goods and chattels in good faith; and is conclusive evidence of such fraud, unless it appear, on the part of the person claiming, under the sale or assignment, that it was made in good faith, and without intent to defraud such creditors or purchasers. But this section does not apply to a contract of bottomry or respondentiæ, or to an assignment of a vessel or goods at sea or in a foreign port."

This section has, however, been repealed by chapter 571 of the Laws of 1911; and sections 106 and 107 of the Personal Property Law, added by that chapter of the Laws of 1911, have taken its place. These sections are as follows:

" § 106. Sale by seller in possession of goods already sold.— Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by that person, or by an agent acting for him, of the goods or documents of title, under any sale, pledge,

or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same.

" § 107. Creditors' rights against sold goods in seller's possession.— Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods and such retention of possession is fraudulent in fact or is deemed fraudulent under any rule of law, a creditor or creditors of the seller may treat the sale as void."

It is quite apparent that for the specific presumption arising out of the absence of immediate delivery followed by actual and continued change of possession provided by section 36, there has been substituted a provision that such presumption shall arise only where the retention of possession by the seller " is deemed fraudulent under any rule of law " and that the provision in section 36 specifically including among creditors " *all persons who are his creditors at any time while such goods or chattels remain in his possession or under his control* " has been omitted from the above sections 106 and 107. The result of the repeal of section 36 and the substitution of sections 106 and 107 in its place has been to make applicable to sales or transfers without change of possession the rule of law as it existed in this state prior to the enactment of section 36 above quoted. Notes of Commissioners American Uniform Commercial Acts, page 88. This section was first introduced into the statutory law in 1828–1829 and has remained there in substantially the same form until 1911 when the change above mentioned was made. The express provision of section 36 that creditors include such as became

creditors at any time while possession was retained by the seller, was omitted from section 107 as above pointed out. Whether such omission was intended to change the existing law may perhaps be open to discussion. It seems much more probable, however, that the words in the present statute *" creditor or creditors "* are broad enough to include subsequent as well as existing creditors, and the legislature would scarcely have intentionally made so important a change in a statute which has been in existence for almost 100 years without a special provision to that effect. As to the presumption arising from the absence of a change of possession, the statutory provision in section 36 was substantially declaratory of the common-law rule as it existed before the enactment of the statute. *Hall* v. *Tuttle,* 8 Wend. 375; *Griswold* v. *Sheldon,* 4 N. Y. 592. It was then well settled that where a sale or transfer was not followed by a change of possession, it was presumptively void as against creditors. This presumption was not conclusive, however, but was rebuttable by evidence that it was for value and in good faith, and not with intent to hinder, delay or defraud creditors. *Hall* v. *Tuttle,* 8 Wend. 376. Although plaintiffs testified to a formal delivery of the car at the time of the transfer, there was some evidence that before the sale it was kept at a certain garage in the name of the seller, that the seller's name appeared on the car, that bills for storage and gasoline were made out in its name, and that all these conditions obtained after the sale. Assuming that there was evidence sufficient to support a finding that there was not an actual and continued change of possession, the uncontradicted evidence shows that the sale was for value. The purpose and object of the arrangement appear to have been entirely legitimate and proper, and as payment of all debts was provided for and it

was not contemplated to incur others, as the company apparently was to cease doing business at least in New York, there could have been no intent to hinder, delay or defraud creditors either existing or future, and any presumption of fraud was thereby rebutted. The transfer to plaintiffs was concededly valid as between the parties and not being in fraud of creditors, plaintiffs were entitled to recover.

Judgment reversed, new trial ordered, with thirty dollars costs to appellants to abide the event.

Guy and Bijur, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide event.