EMPLOYERS' FIRE INSURANCE COMPANY, Appellant, *v.*
MATTIE COTTEN, Respondent, Impleaded with Another.

Replevin — demand — action to replevin stolen chattel —
demand from innocent purchaser unnecessary where she had
knowledge of theft and of plaintiff's title before commence-
ment of action.

Demand need not be made previous to the institution of an action
to replevy a stolen chattel upon one in possession who originally was
an innocent purchaser for value but who before the institution of the
action had acquired knowledge of the theft and of plaintiff's title,
yet assumed to exercise dominion over the chattel and to make a
counterclaim of title to it. (*Ely* v. *Ehle*, 3 N. Y. 506; *Barrett* v.
*Warren*, 3 Hill, 348; *Twinam* v. *Swart*, 4 Lans. 263; *Goodwin* v.
*Wertheimer*, 99 N. Y. 149; *Southwick* v. *First Nat. Bank*, 84 N. Y.
420, 430; *Converse* v. *Sickles*, 146 N. Y. 200, distinguished.)

*Employers' Fire Ins. Co.* v. *Cotten*, 218 App. Div. 818, reversed.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered December 11, 1926, unanimously
affirming a judgment in favor of defendant entered
upon an order of the court at a Trial Term granting
a motion to set aside a verdict in favor of plaintiff and for
a dismissal of the complaint.

*Walter L. Glenney* for appellant. A demand was not
a necessary prerequisite to the present action, having
been waived by defendant by retaking the car after
notice that it was a stolen car. (*Brown* v. *Poland*, 54
Conn. 313; *Udell* v. *Slocum*, 56 Ill. App. 216; Cobbey on
Replevin [2d ed.], § 448; *Burrier* v. *Cunningham Piano Co.*,
108 Atl. Rep. 492; *Nixon & Wright* v. *Robinson*, 89 S. E.
Rep. 320; *Jordan* v. *Jordan*, 136 N. E. Rep. 866; *First
Guaranty Bank* v. *Rex Theatre Co.*, 195 N. W. Rep. 564;
*Carroll* v. *Anderson*, 218 Pac. Rep. 1038; *World Finance
Co.* v. *West Lake Garage Co.*, 196 Pac. Rep. 586; *Studebaker
Bros. Co. of Utah* v. *Witcher*, 199 Pac. Rep. 477; *Lind*

v. *Boulin*, 190 Pac. Rep. 1103; *Whitting* v. *Hooks*, 242 S.
W. Rep. 817.)   The rebonding of the automobile and
renting the car out by the defendant waived the necessity
of any demand.   (*Farrar* v. *Chauffette*, 5 Den. 527.)

*Henry Ginnane, Benjamin Shalleck* and *Joseph Shalleck*
for respondent.   The defendant's possession being lawful,
replevin would not lie against her until demand for the
return of the automobile had been made and a refusal to
deliver to the person legally entitled to possession.
(*Goodwin* v. *Wertheimer*, 99 N. Y. 149; *Converse* v. *Sickles*,
146 N. Y. 200; *Pease* v. *Smith*, 61 N. Y. 477; *Moran* v.
*Abbott*, 28 App. Div. 570; *Frischman* v. *Mandel*, 26 Misc.
Rep. 820; *Henrich* v. *Van Wrickler*, 80 App. Div. 250;
*Hall* v. *Bassler*, 96 App. Div. 88; *Gillet* v. *Roberts*, 57
N. Y. 28.)   The rights of the plaintiff and defendant
became fixed upon the execution of the writ of replevin,
and rebonding the car by the defendant waived none of
her rights.   (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.)

O'BRIEN, J.   The sole question on this appeal is
whether, previous to the institution of an action to
replevy a stolen chattel, demand must be made upon
one in possession who originally was an innocent purchaser
for value but who before the institution of the action
had acquired knowledge of the theft and of plaintiff's
title, yet assumed to exercise dominion over the chattel
and to make a counterclaim of title to it.

All the facts are conceded.   A motor car was stolen
from its owner and plaintiff as insurer paid him for his
loss and succeeded to his rights.   Police officers found
it in the garage of defendant's husband who without
knowledge of the theft had purchased it in her name.
They informed him in the clearest manner of the owner's
name and address and of the theft and removed it to the
police garage.   Defendant regained possession of the car
and after this action was begun she gave a bond, counter-
replevied the car, used it as her own and at the time of

the trial had it in her husband's garage. Her knowledge of its theft and her exercise of dominion over it both before and since this action was begun became complete. In her answer she denies that she wrongfully detains the car from plaintiff and that plaintiff is its owner and entitled to its immediate possession. At the trial her counsel referred to her as " the true owner." Of course, under such circumstances, formal demand would have constituted a futile ceremony. Upon such facts, does the law of this State require plaintiff solemnly to indulge in the formality of a demand before it can maintain this action? No other question is involved in the case.

No precedent imposes such a useless procedure upon one whose property has been stolen and is in the possession of another who, before the institution of the action acquired knowledge that it had been stolen yet claimed to be " the true owner " and continued to assert dominion over it. Outside our jurisdiction, the rule generally prevails that where the circumstances are such as to show that a demand would have been unavailing, no demand is necessary. This rule applies in other jurisdictions to a *bona fide* purchaser of one who has no right to sell, for such purchaser has no lawful possession as against the owner. Some of the early decisions in this State, however, are thought by some to indicate on the surface a contrary doctrine. (*Ely* v. *Ehle*, 3 N. Y. 506; *Barrett* v. *Warren,* 3 Hill, 348; *Twinam* v. *Swart,* 4 Lans. 263.) In none of those early cases were the persons who were in possession clearly informed prior to the institution of action that their title was wholly defective. Those cases were cited in *Gillet* v. *Roberts* (57 N. Y. 28, 30, 31), which is claimed by respondent to be authority for the proposition that a *bona fide* purchaser of personal property from a wrongdoer is not liable for a conversion without a demand and refusal. This somewhat general requirement, if such it is, would amount to no more than a mere technical obstruction except for the reason which is said

to underlie.  That reason is explained in the *Gillet* case in these words: " The rule is a reasonable and just one, that an innocent purchaser of personal property from a wrongdoer *shall first be informed of the defect in his title, and have an opportunity to deliver the property to the true owner,* before he shall be made liable as a tort feasor for a wrongful conversion."  *Pease* v. *Smith* (61 N. Y. 477, 480, 481), an action for conversion in which defendants had in good faith purchased chattels from a thief, applied the rule that when conversion occurs no demand is necessary, because the sole object of a demand is to supply evidence of a conversion.  By demand and refusal a possession otherwise lawful is turned into an unlawful one.  Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.  (*Laverty* v. *Snethen,* 68 N. Y. 522, 524.)  As a general rule, whenever the action of trover or other equivalent action could be maintained without demand, replevin will lie without demand.  (*Purves* v. *Moltz,* 32 How. 478.)  A very slight interference with the ownership is sufficient to constitute a conversion.  (*Farrar* v. *Chauffetete,* 5 Denio, 527; *Spraights* v. *Hawley,* 39 N. Y. 441.)  *Goodwin* v. *Wertheimer* (99 N. Y. 149) does not control the facts in this case, for there the defendant in possession was not cognizant of the fraud committed by his assignors.  In *Southwick* v. *First National Bank of Memphis* (84 N. Y. 420, 430) no proof existed that defendant had any information of the circumstances relating to mistake in payment, improper diversion of the proceeds of the draft or any claim by any one that money should be refunded. Neither does knowledge of fraud appear against the defendant in *Converse* v. *Sickles* (146 N. Y. 200).  Here, defendant had been notified in the most explicit manner concerning the theft, yet she used the car as her own and claimed title to it.

Since the rule, regarded in many jurisdictions as unduly

technical, requiring demand and refusal prior to the institution of a replevin action is based, according to the observations of judges in this State, upon the reason that one in lawful possession shall not have such possession changed into an unlawful one until he " be informed of the defect of his title and have an opportunity to deliver the property to the true owner," the rule does not apply, even within our jurisdiction, when the facts are that prior to the institution of the action, defendant had full information relating to her own defect in title and the identity of the true owner.

The judgment of the Appellate Division and that of the Trial Term should be reversed and judgment ordered upon the verdict in favor of plaintiff for the return of the chattel replevied, or for the sum of $1,750 in case possession thereof cannot be had, together with damages of $1,200 for the detention of the chattel, and costs in all courts.

Cardozo, Ch. J., Pound, Crane, Andrews, Lehman and Kellogg, JJ., concur.

Judgment accordingly.