Joseph Liff, J.
The issues in this action, which involved the right to possession of certain chattels and storage charges, etc., due thereon, were tried before the court and a jury. Following the rendition of the verdict by the jury the court requested the parties to submit forms of judgment and supporting memoranda of law. Proposed judgments were submitted by two of the parties.
The interpleaded defendant made an application in which she asked that a jury be empanelled to fix the value of those chattels which had been awarded to her (CPLR 7108, subd. [©]). She prayed for other relief for which there is no authority in this action. The plaintiff then cross-moved to set aside the verdict of the jury ‘ ‘ insofar as it awards possession of certain chattels *720 to the interpleaded defendant.” Before a judgment may be entered these applications must be disposed of and they will be considered in inverse order. Proof of the value of the chattels was not offered at the trial.
Plaintiff urges that the jury’s verdict, to the extent that it awarded any chattels to the interpleaded defendant, should be set aside because she had not asked for that relief. That motion ■is denied. The complaint of the interpleading defendant warehouse clearly put in issue the title and right to possession of each and every one of the chattels. Replevin by its very nature tries the right to possession of a chattel and a defendant under the present statutes need not ask that possession be awarded to her (CPLB 7101 et seq.). Although under section 1123 of the Civil Practice Act before such relief could be granted, it would be necessary for the defendant to have demanded the return thereof (Rosenblatt v. Niedermayr Pattern Mach. Works, 70 N. Y. S. 2d 902; Hoffman v. Hoffman, 266 App. Div. 724), this practice was changed when the CPLB was enacted.
The Advisory Committee on Practice and Procedure, in its report to the Governor and Legislature (4th Preliminary Report, Legis. Doc. [1960] No. 20, p. 270), said: ' ‘ Unlike section 1123, the proposed rule requires no demand for possession by the successful defendant as a prerequisite to a judgment awarding him possession.” (See, also, the commentary of Prof. Peter W. Thornton, McKinney’s Cons. L. of N. Y., CPLR, art. 71.)
The judgment to be entered on the verdict of the jury should be complete (cf. Rosenblatt v. Niedermayr Pattern & Mach. Works, supra). The possibility exists that for one reason or another the plaintiff will not return the chattels awarded to the interpleaded defendant. In that event ¡she would be entitled to a money judgment in lieu thereof. Her motion for a jury to be empanelled to fix the value of the chattels, to that extent only, hereby is granted, unless on or before the 5th day of January, .1965 the plaintiff at his cost and expense, shall have redelivered to the warehouse all six chattels awarded to the wife. The court should be advised of the redelivery .of the items by a letter from plaintiff’s attorney, copies of which should be mailed to the attorneys for .each of the other parties hereto; otherwise the parties ¡shall appear before this court on January 11, 1965 for the purpose of empanelling a jury to fix the value of that one or more of the chattels awarded to the interpleaded defendant, all in accordance with CPLB 7108. However, should all six items be redelivered to the warehouse, then her motion is denied in all respects.
*721 In the event that the chattels are redelivered to the warehouse, then the warehouse shall have a lien thereon (General Business Law, § 112 et seq, now Uniform Commercial Code, § 7-209) and it may retain possession thereof until the interpleaded defendant has paid the amount determined by the jury to be due from her to said warehouse, plus interest, costs, and disbursements, and the storage charges which may accrue on said chattels subsequent to the date of redelivery thereof to the warehouse and until the interpleaded defendant has paid the judgment and said charges. Upon payment by her of said sums the warehouse shall deliver the property to her.
The judgments heretofore submitted will not be signed. The proposed judgments should be submitted by the parties when it is known whether the chattels have been returned or when their value has been fixed by a jury as hereinbefore provided. The judgment should contain a provision awarding possession to the respective parties of the chattels awarded to each of them by the jury, or in the alternative, should fix the amount to the interpleaded defendant for that chattel or chattels not redelivered to the warehouse.
The judgment will provide for an award of $415.32 to the defendant advance fireproof storage warehouse corp. against the interpleaded defendant susan st. germain, together with interest, costs and disbursements, and that advance have execution therefor. The court in its discretion, has determined that it would be inequitable to award costs to either the plaintiff or the interpleaded defendant as against any one of the parties hereto (CPLB. 8101). Said judgment should provide for execution pursuant to CPLB 5102.