Dorothea E. Donaldson, J.
This claim for replevin, or in the alternative, money damages for items and cash seized, timely filed and neither assigned nor submitted to any other court or tribunal for audit or determination, arose from claimant’s arrest on October 19, 1969 for violations of section 225.30 of the Penal Law, possession of a gambling device, and section 225.05, promoting gambling in the second degree, at the Tappen Zee Motor Inn in Nyack, Rockland County, New York.
The facts are not materially in dispute. At the time of the arrest of Jordan J. Berk, not only an amount of cash but also gambling devices, allegedly contraband, were seized and transported from the Motor Inn by a Village of Nyack truck to the State Police Barracks at Stony Point, New York. On September 5, 1970, the devices were removed to a warehouse, owned and operated by RPD, Inc. The receipt and bill of lading check *903 list denoted the "State Police” as consignees. On March 8, 1974, with the consent of an Assistant District Attorney of Rockland County, the charges against claimant for violations of the sections of the Penal Law were dismissed in Town of Orangeburg Justice Court. Thereafter, Mr. Berk made demand to the State Police for the return of his property. His demand was refused.
Mr. Berk testified that, under the names of Berk Trading Company and Bazaar Trading and Supply Company, he had supplied equipment for fund raising affairs since 1951; that on the night in question, he was so employed by the Temple Israel of Cliffside Park, New Jersey, for a "Las Vegas Night” at the Tappen Zee Motor Inn in Nyack, New York; that pursuant to contract, he agreed to rent equipment and dealers at a flat rate; that he brought the equipment to the Motor Inn that evening, set it up, had dealers and guards available; that the ticket-holders at the affair played with chips received from the cashier; that State Troopers and Village of Nyack police entered the premises; that he was arrested; that upon his arrest, he requested a receipt for the items and cash seized; and that such request was refused by Trooper Louis Sabbatini.
The defendant maintained, first, that the New York State Police no longer had possession of claimant’s equipment so that it was not a proper party to the action; and, second, that the items seized as defined in the statute were gambling paraphernalia which were contraband in violation of law. The amount of the cash seized was disputed.
Pursuant to article 71 of the CPLR, an action to determine the right to possession of articles or chattels allegedly wrongfully taken or detained may be maintained. If an article 71, action is brought to determine the relative possessory rights of the parties, it has been settled that the defense that title is in a third party is no longer valid. (National S.S. Co. v Sheahan, 122 NY 461; Cutten v Kostyrka, 203 Misc 940.) Additionally, the question is not whether the property is in the hands of an officer or a private person, but whether the detention is lawful. (Read v Brayton, 143 NY 342.) The court therefore believes, and so finds, that the defendant’s first contention is rejected.
In order to establish contraband, under defendant’s second contention, there must be a crime. Sections 225.05, 225.30 and 225.35 of the Penal Law should be considered. Section 225.05, in reference to promoting gambling in the second degree, *904 states, in part, as follows: "A person is guilty of promoting gambling in the second degree when he knowingly advances or profits from unlawful gambling activity.” (Emphasis supplied.) In section 225.30 there is included the following:
"A person is guilty of possession of a gambling device when, with knowledge of the character thereof, he manufactures, sells, transports, places or possesses, or conducts or negotiates any transaction affecting or designed to affect ownership, custody or use of:
"1. A slot machine; or
"2. Any other gambling device, believing that the same is to be used in the advancement of unlawful gambling activity.” (Emphasis supplied.)
In section 225.35 under presumptions: "1. Proof of possession of any gambling device or of any gambling record specified in sections 225.15 and 225.20, is presumptive evidence of possession thereof with knowledge of its character or contents.”
The defendant predicated its presumption under section 225.35 as a consequence of the direct observation by a plain-clothed State Trooper that night in the Tappen Zee Motor Inn. That evaluation is not before the court. The charges against Mr. Berk were dropped in another court; as a consequence, the presumption falls. The court therefore believes, and so finds, that the items seized were not proved to have been involved in unlawful gambling activity as defined by statute.
The evidence is not sufficiently precise to identify the number and condition of the property items alleged to be in the custody of RPD, Inc. The court therefore considers a money judgment appropriate. The defendant shall have the right, however, as agreed to between the parties, to reduce the portion of the judgment reflecting the values of the taken devices by securing those articles, at its own expense, and returning them to the claimant provided that the values for the items be based upon the values denoted in claimant’s bill of particulars, which was stipulated at trial as accurate, and provided that such return is effected within 60 days of entry of judgment.
Claimant also contended that damages be awarded for the wrongful detention of the seized properties. It, however, submitted proof insufficient to consider more than nominal damages therefor, with interest from the date of the demand for the return of the properties. The court so finds.
*905 Accordingly, claimant Jordan J. Berk is awarded the sum of $19,269 of which $18,179 represents the value of the seized property items, $590 represents the proven amount of cash seized and $500 represents nominal damages for wrongful detention with interest thereon from April 23, 1974 to the date of entry of judgment.
Motions upon which decision was reserved, and not herein-before ruled upon, are now denied.