DONALD SCHANBARGER, Appellant, v EDWARD DOTT'S GARAGE, INC., Respondent.

Third Department, February 16, 1978

### APPEARANCES OF COUNSEL

*Donald Schanbarger,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Peter J. Dooley* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

It might be noted at the outset that the plaintiff herein is not exactly a novice insofar as representing himself in the courts of this State is concerned (see *People v Schanbarger,* 24 NY2d 288; *Schanbarger v Baker,* 59 AD2d 637; *Schanbarger v*

*Kellogg,* 43 AD2d 362, affd 37 NY2d 451; *Schanbarger v Kellogg,* 35 AD2d 902, mot for lv to app den 29 NY2d 485).

The present action arises out of an arrest of the plaintiff on the night of May 9, 1974, because he failed to comply with an order of a police officer made as a result of his alleged violation of section 1102 of the Vehicle and Traffic Law. Incidental to that arrest he was found in possession of a revolver and was subsequently convicted in Justice Court in the Town of Colonie of violating section 1102 of the Vehicle and Traffic Law as well as subdivision 8 of section 400.00 of the Penal Law (failure to exhibit license for revolver); however, those convictions were thereafter reversed on appeal (cf. *Schanbarger v Baker, supra,* p 638).

This appeal is being prosecuted upon a statement in lieu of a record pursuant to CPLR 5527, said statement having been duly executed by the plaintiff and by the office of the Attorney-General on behalf of the defendant.

The statement recites that prior to his arrest, the plaintiff had parked his Volkswagen vehicle in "Alken's parking area" and was alone there with the vehicle when arrested; that within an hour of plaintiff's arrest, the police "had the defendant Dott's Garage * * * remove his VW from the Alken's parking area and taken to Dott's Garage place of business"; that on June 27, 1974, the defendant sent plaintiff a statement that towing and storage charges were overdue; that on July 24, 1974 plaintiff signed the complaint herein seeking a recovery of the vehicle and its contents together with damages for a wrongful withholding; and that the defendant disposed of possession of the chattels "around November of 1975".

The statement establishes that the Presiding Justice at the trial herein dismissed the complaint at the close of the plaintiff's evidence "for failure of the plaintiff to ask for the chattels back". The question presented is whether or not, as a matter of law, the plaintiff failed to establish a cause of action upon a complaint seeking damages for the wrongful detention of his chattels and the recovery of such chattels.

The trial court clearly erred as to requiring a demand and relying upon the cases of *Gillet v Roberts* (57 NY 28) and *Southwick v First Nat. Bank of Memphis* (84 NY 420). Upon enactment of the CPLR, and in particular section 7101 thereof, actions involving a recovery of chattels would no longer depend upon a plaintiff establishing title, but the action was now: "An action under this article [71] may be

brought to try the right to possession of a chattel." In the case of *St. Germain v Advance Fireproof Stor. Warehouse Corp.* (44 Misc 2d 719, 720) the court took judicial notice as follows: "The Advisory Committee on Practice and Procedure, in its report to the Governor and Legislature (4th Preliminary Report, Legis. Doc. [1960] No. 20, p. 270) said: 'Unlike section 1123, the proposed rule requires no demand for possession by the successful defendant as a prerequisite to a judgment awarding him possession.' (See, also, the commentary of Prof. Peter W. Thornton, McKinney's Cons. L. of N.Y., CPLR, art. 71.)"

In the present case the complaint alleges both a wrongful taking and a wrongful detention of the chattels. It appears to be undisputed that the vehicle was removed from private property by the defendant and the statement of facts does not contain any suggestion as to a lawful basis for such a removal. The brief on behalf of defendant does not suggest any lawful basis for the taking of the vehicle other than relying upon the fact that defendant was acting at the request of the police (cf. *Berk v State of New York,* 82 Misc 2d 902).

In this regard it is to be noted that the Attorney-General has relied upon section 79-f of the Civil Rights Law as justifying his appearance in this action as counsel for the defendant. Said section 79-f refers to a lawful command from a police officer given in the performance of his duties and refers to certain particular actions for which the State has a duty of saving harmless and protecting third persons such as the defendant herein. No issue is raised as to the applicability of said section 79-f and we do not pass thereon.

In the present case the defendant has conceded that as to a wrongful taking there need not be a demand (see *Ely v Ehle,* 3 NY 506) and we find that as a matter of law no demand prior to commencement of the action is necessary for a proceeding seeking the recovery of a chattel, as long as it clearly is brought to try the right to possession with recovery thereof being only incidental thereto as a remedy. In this case the statement of facts recited proof that the defendant was aware of the plaintiff's right to possession as early as June of 1974 and was asserting a right to towing and storage charges. To require a "demand" under such circumstances would be futile and unnecessary (see *Employers' Fire Ins. Co. v Cotten,* 245 NY 102, 106) and would equate the current action as one in the early common-law days requiring a condition precedent

for the protection of the innocent possessor of personal property. This defendant relied upon the authority of the police and cannot in any way be deemed an innocent possessor of the property so as to require a "demand", and more particularly so in this action since the rationale underlying the demand requirement has been met by service of the complaint (see 7A Weinstein-Korn-Miller, NY Prac, par 7101.09).

The judgment should be reversed, on the law, with costs, and a new trial ordered.

KANE, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, with costs, and new trial ordered.