**CHEMICAL BANK, Plaintiff,**

v.

**SOCIETY BRAND INDUSTRIES, INC., Society Brand International, Inc., Sew & Sew, Inc., Kelly Sportswear, Inc., Frank J. Novoson, Joel Rappaport, SBI Acquisition Corporation and Porsche, Inc., Defendants.**

**No. 84 Civ. 1763 (RWS).**

United States District Court, S.D. New York.

Dec. 24, 1985.

Zalkin, Rodin & Goodman, New York City by Andrew D. Gottfried, Menachem O. Zelmanovitz, Peter M. Levine, of counsel, for plaintiff.

Willkie Farr & Gallagher, New York City by Robert J. Kheel, Kim Sperduto, Richard Schirtzer, of counsel, for defendants.

SWEET, District Judge.

Defendants SBI Acquisition Corporation ("SBI") and Porsche, Inc. ("Porsche") have brought a motion seeking dismissal of the amended and supplemental complaint of the Chemical Bank ("Chemical") as against them. Chemical has sought relief against SBI and Porsche based on the defendants' alleged violation of the Bulk Sales Article of the U.C.C., N.Y.U.C.C. §§ 6–101 *et seq.*, and for common law conversion of property. For the following reasons, the defendants' motions are denied.

### Prior Proceedings

Chemical commenced this action on March 13, 1984, alleging the willful conversion of plaintiff's collateral by Society Brands Industries, Inc. ("Society Brand"), Society Brand International, Inc. ("International"), Sew & Sew, Inc. ("Sew"), and Kelly Sportswear, Inc. ("Sportswear"). Chemical amended its complaint by adding claims for relief based upon the alleged failure of the original corporate defendants and SBI and Porsche to heed the prescriptions of the Bulk Transfer Article of the

U.C.C. and upon the alleged conversion of Chemical's collateral by SBI. The original corporate defendants filed an amended answer and counterclaims, and Chemical filed a reply. SBI and Porsche have moved to dismiss the amended and supplemental complaint, contending Chemical does not hold a claim against Society Brand or its subsidiaries cognizable under the Bulk Transfer Article of the New York U.C.C. and therefore is not a "creditor" of those corporations and not entitled to notice of the bulk transfer of their assets. The moving defendants also contend that Chemical has not properly pleaded a conversion claim against SBI, because of Chemical's failure to allege it demanded a return of its collateral.

**Facts**

The facts contained in the amended complaint for the purpose of this motion are accepted as true. On or about December 14, 1984, after the filing of the complaint in this action, SBI and Porsche purchased substantially all of the assets of Society Brand, International, Sew, and Sportswear, the original corporate defendants. At the time of the bulk transfers, Society Brand, International, Sew, and Sportswear were in possession of a portion of Chemical's collateral, which was then included among the assets conveyed in the bulk transfers. Chemical had no prior notice of the transactions.

Neither Society Brand and its subsidiaries nor SBI and Porsche complied with the provisions of the bulk sales statutes of any jurisdiction. In the asset purchase agreement among SBI, International, Sew, Sportswear and in the asset purchase agreement between Porsche and Society Brand the parties expressly waived compliance by the others with the provisions of the Bulk Sales Law of any jurisdiction. Counsel for the transactions confirmed that no party had complied with the Bulk Sales Law. Both SBI and Porsche knew of Chemical's claims prior to the bulk transfers. In its agreement with International, Sew, and Sportswear, SBI agreed to assume the liabilities of those corporations.

Expressly excluded from such assumption, however, were "all litigation claims by Chemical Bank."

**II. New York Bulk Sales Law**

■ With respect to Chemical's claims for relief based on the Bulk Transfer Article of the U.C.C., the only issue presented by the motion of SBI and Porsche is whether the nature of the claim Chemical holds against Society Brand and its subsidiaries places Chemical within the class of creditors entitled to notice of the bulk transfer of the assets of those corporations pursuant to the bulk transfer article of the New York Uniform Commercial Code. N.Y.U.C.C. §§ 6–101 et seq. (McKinney 1964).

SBI and Porsche contend that Chemical does not stand within the class of protected creditors. Defendants' rely largely on an interpretation of creditor enunciated by cases construing the Bulk Sales Act (the "Prior Act") which was superseded by Article Six of the Uniform Commercial Code in 1964. N.Y.U.C.C. §§ 13–101 Article Six, however, was not a mere recodification of the Prior Act, and because of the changes wrought by the U.C.C., defendants' argument and motion, must be denied.

Section 6–109 of the U.C.C. describes those entitled to the benefit of the statute:

> The creditors of the transferor mentioned in this Article are those holding claims based on transactions or events occurring before the bulk transfer ...

N.Y.U.C.C. § 6–109. Under Section 6–105, a bulk transfer is "ineffective against any creditor of the transferor unless ... the transferee gives notice of the transfer in the manner and to the persons hereafter provided (Section 6–107)." N.Y.U.C.C. § 6–105. Section 6–107(3) states that notice of the bulk transfer must be given "to all persons shown on the list of creditors furnished by the transferor (Section 6–104) and to all other persons who are known to the transferee to hold or assert claims against the transferor." N.Y.U.C.C. § 6–107(3). Under section 6–104(2), the listed creditors must include "all persons who are known to the transferor to assert claims

against him even though such claims are disputed." N.Y.U.C.C. § 6–104(2).

Chemical falls within the language of Article Six of the U.C.C. Chemical held, before the bulk transfer, claims against Society Brand and its subsidiaries based on events occurring before the bulk transfer of their assets. Chemical asserted those disputed claims in this litigation, and the moving defendants knew that plaintiff had asserted those claims at the time of the bulk transfer. The U.C.C. does not specify the type of claim a person must hold or assert to be a creditor under the Bulk Transfer Article. Nothing limits the breadth of the class of protected creditors in any way. Miller, *The Effect of the Bulk Transfer Article on Existing Commercial Practices*, 16 Law & Contemporary Problems 267, 280 (1951).

The Bulk Transfer Article of the U.C.C. provides for a broader definition of "creditor" than did the Prior Act. Since the Prior Act did not refer to a "person" who "holds" or "asserts" a "claim" but instead spoke only of "the creditors of the seller, transferrer or assignor." According to the Prior Act, a bulk sale would be:

> void as against the creditors of the seller, transferrer or assignor unless ... the purchaser, transferee or assignee demand and receive from the seller, transferrer or assignor a written list of names and addresses of the creditors of the seller, transferrer or assignor ...; and unless the purchaser, transferee or assignee shall notify ... every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof.

New York Personal Property Law, § 44 (repealed effective 1964). The Bulk Transfer Article of the U.C.C., on the other hand, reaches to "those holding claims" (§ 6–109) and "all persons who ... assert claims" (§§ 6–104(2) and 6–107(3)). The difference in the language of the two statutes evinces the intent of the legislature to broaden the definition of "creditor" to include those in

the position of Chemical in the circumstances of this case.

Since the Prior Act was strictly construed, *Apex Leasing Co., Inc. v. Litke*, 173 App.Div. 323, 159 N.Y.S. 707 (1st Dept. 1916), *aff'd*, 225 N.Y. 625, 121 N.E. 853 (1918), "creditor" was given the narrow definition of one who holds a demand that is certain and liquidated. *Black's Law Dictionary*, 441–42 (4th ed. 1968). Under the U.C.C.'s liberal construction, N.Y.U.C.C. § 1–102; *Chrysler Credit Corp. v. Sharp*, 56 Misc.2d 261, 265, 288 N.Y.S.2d 525, 529 (Sup.Ct.1968), "creditor" may include anyone having a legal right to damages growing out of contract or tort. *Black's Law Dictionary, supra.*

The Official Comments and the New York Annotations to the U.C.C. explain the changes wrought by the enactment of that statute. *See In re Yale Express System, Inc.*, 370 F.2d 433, 435, 437 (2d Cir. 1966). The New York Annotations to section 6–101 state:

> Article 6 would replace the New York bulk sales statute. Personal Property Law, § 44 ... For the most part the Article is substantially declaratory of existing law. Its innovations include ... the expansion of the class of protected creditors in Section 6–109.

McKinney's Consol. Laws, Vol. 62½, Part 2, Uniform Commercial Code (hereafter "McKinney's"), New York Annotations under § 6–101, at 719.

The implications of the broad language of section 6–109 were noted in the New York Annotations:

> To the extent that this section defines the creditors who are protected as those existing at the time of the bulk transfer, it is declaratory of the New York law. But to the extent—as suggested in 16 Law & Contempt.Prob. 267, 280 (1951)— that the word "claims" is broad enough to include claims whether they are in tort or contract, are liquidated or unliquidated, are secured or unsecured, are contingent or fixed, are presently due or not," this section changes the law.

McKinney's, New York Annotations under § 6–109, at 747.

The New York Annotations also noted the change section 6–104(2) effective in prior New York law:

This [§ 6–104(2)] is new to the extent that it adds to "creditor" persons "who are known to the transferor to assert claims against him even though such claims are disputed" .... Under the New York statute [Personal Property Law, § 44] one is not a creditor if the amount of the debt is not liquidated.

McKinney's, New York Annotations under § 6–104, at 734–35.

This legislative history fully comports with the interpretation of "creditor" urged by Chemical. The only New York precedent on this issue brought to the court's attention is the case of *Sado v. Sado,* 4 U.C.C. Rptr. 213 (N.Y.Sup.Ct.1967). In a fraud action alleged in *Sado,* the plaintiff moved for leave to serve a supplemental summons and complaint based upon the bulk transfer of the business and assets of a corporation and to name two corporations as additional parties defendant, the very relief plaintiff has obtained here. Like plaintiff here, the plaintiff in *Sado* had already asserted a tort claim against the transferor at the time of the bulk transfer. The *Sado* Court deemed the plaintiff to be a creditor of the transferor under section 6–109.

Finally, the pleadings meet the restricted application of the U.C.C. Bulk Sales Article to transferees who have actual knowledge of the creditor. Chemical has alleged that the defendants learned of its claims against Society Brand and subsidiaries prior to the consummation of the bulk transfer. Despite the prescription of section 6–107(3) that notice of a bulk transfer be sent to all "persons who are known to the transferee to hold or assert claims against the transferor," the moving defendants allegedly chose to purchase the assets of Society brand and its subsidiaries without notifying plaintiff.

### III. The Conversion Claim

■ The defendants assert that Chemical's claim based upon conversion by SBI is improperly pled because of the omission of any demand for the return of Chemical's collateral. Assuming the necessity for such a demand, Chemical has already met that requirement. Bringing an action for conversion serves as notice of an adverse claim. *Schanbarger v. Dott's Garage,* 61 A.D.2d 243, 402 N.Y.S.2d 72 (3d Dept.1978). A motion to dismiss should not be granted because of a failure to allege demand and refusal. 7A Weinstein-Korn-Miller, *New York Practice,* ¶ 7101.09 (1978).

The defendants citation to *Kunstsammlungen zu Weimar v. Elicofon,* 678 F.2d 1150 (2d Cir.1982) in support of their demand theory is not controlling here since the nature of the conversion claims in *Elicofon* is different from that presented in this case. Unlike the defendant in *Elicofon,* the moving defendants cannot be characterized as "innocent" purchasers. The defendant in *Elicofon* purchased two paintings by Albrecht Duerer, but did not learn of the identity of the paintings until twenty years later. The defendant made no effort during that 20-year period to hide the fact that he owned the two paintings, displaying them in his home; where he sponsored several parties for the art community. In stark contrast, the moving defendants allegedly knew of Chemical's claim against the original corporate defendants. As the New York Court of Appeals stated in *Employers' Fire Insurance Co. v. Cotten,* 245 N.Y. 102, 156 N.E. 629 (1927):

No precedent imposes such a useless procedure upon one whose property has been stolen and is in the possession of another who, before the institution of the action acquired knowledge that it had been stolen yet claimed to be "the true owner" and continued to assert dominion over it.

245 N.Y. at 104, 156 N.E. 629. The rationale for requiring a demand is to apprise the innocent purchaser of his defective title and to give him the opportunity to deliver the property to the true owner before he is made liable as a tortfeasor. *Id.* at 105. Since the moving defendants knew of Chemical's security interest in some of the assets they purchased, this rationale has no application here. *Mullen v. Quinlan,* 195 N.Y. 109, 115 (1909); *Schanbarger v. Dott's Garage, supra.*

Second, the cases distinguish between conversion based upon a wrongful taking and conversion based upon wrongful detention. As to the wrongful taking, there need not be a demand. *Schanbarger v. Dott's Garage, supra, citing Ely v. Ehle*, 3 N.Y. 506 (1850). Since Chemical predicates its conversion claim on a wrongful taking and does not seek the return of any property, Chemical did not have to make demand upon SBI for the return of its collateral. Finally, demand on SBI under the circumstances of this case apparently would have been useless. By the time Chemical learned of the bulk transfer, its collateral allegedly had been liquidated or commingled with property from other sources and could not have been returned. Under such circumstances, no demand is required. *Heller v. Gerry*, 40 A.D.2d 236, 339 N.Y. S.2d 18 (3d Dept.1972).

For the following reasons, SBI and Porsche's motions are denied.

IT IS SO ORDERED.