12-0977-cv
Brown v. Kay

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
             BARRINGTON D. PARKER, JR.,
                    *Circuit Judges*,
             MIRIAM GOLDMAN CEDARBAUM,
                    *District Judge*.[*]

---

BARRY K. BROWN,

     *Plaintiff-Appellant*,

     v.                                              12-0977-cv

RICHARD KAY, AS PRELIMINARY
EXECUTOR OF THE ESTATE OF HIMAN
BROWN; THE HIMAN BROWN REVOCABLE
TRUST, AS RESTATED, RICHARD KAY,
TRUSTEE; THE HIMAN BROWN
CHARITABLE TRUST, RICHARD KAY,
TRUSTEE,

     *Defendants-Appellees*.

---

[*] The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:     MALCOLM S. TAUB, Davidoff Hutcher & Citron LLP, New York, N.Y.

For Defendants-Appellees:    MICHAEL B. KRAMER, Michael B. Kramer & Associates, New York, N.Y.


Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Barry K. Brown appeals from a February 9, 2012, Opinion and Order of the United States District Court for the Southern District of New York (Engelmayer, *J.*) dismissing Brown's claims of fraud and conversion or, in the alternative, granting summary judgment to the defendants on those claims. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

First, Brown appeals on three independent grounds from the district court's dismissal of his claim for fraud. Because the release that Brown signed in 2010 is a sufficient basis for the dismissal, we do not reach the alternative grounds. Brown contends that the 2010 release did not waive his fraud claim because it reserved any claim that "originals of any of the items of art on Exhibit D to the Separation Agreement, were, in fact, sold or otherwise disposed of by or on behalf of [Brown's father] HIMAN BROWN." App'x at 71. However, Brown alleges in his fraud claim only that his father fraudulently induced his mother to sign a separation agreement by misrepresenting to her the value and provenance of various artworks. Brown does not allege that any sale of the artwork was involved in that fraud. To the extent that Brown argues that his allegations somehow imply that his father owned authentic copies of the artwork, induced his mother to enter into the separation agreement based on representations that she would receive the

2

authentic artwork, and then delivered false copies of the artwork before or after selling the originals, such allegations would not state a cause of action for fraud.  Such allegations "amount to little more than intentionally-false statements by [Brown's father] indicating his intent to perform under the contract.  That is not sufficient to support a claim of fraud under New York law." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996).

Second, Brown appeals on three independent grounds from the district court's dismissal of his claim for conversion.  Because we hold that Brown failed to state a claim for conversion, we do not reach the alternative grounds.  Brown alleges that his father sold certain artwork even though he had promised to bequeath that artwork to Brown and to Brown's sister.  Under New York law, "[c]onversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Emp'rs' Fire Ins. Co. v. Cotton*, 245 N.Y. 102, 105 (1927).  At the time that Brown alleges that his father sold the artwork, it did not "belong[] to another."  Brown consequently fails to allege facts sufficient to sustain a claim for conversion.  As the district court observed, "[w]hatever cause of action [Brown] possibly had or has arising out of the failure of his father to bequeath the Exhibit D artwork to [Brown] and his sister as required by the Separation Agreement, it is not conversion." *Brown v. Kay*, — F. Supp. 2d —, No. 11 Civ. 7304 (PAE), 2012 WL 408263, at *14 (S.D.N.Y. Feb. 9, 2012).

We have considered Brown's remaining arguments with respect to the bases for dismissal discussed above and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3