4545 Tr. LLC v Rocky's Big City Games & Sports Bar, Inc. (2021 NY Slip Op 03955)





4545 Tr. LLC v Rocky's Big City Games & Sports Bar, Inc.


2021 NY Slip Op 03955


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


458 CA 20-00282

[*1]4545 TRANSIT LLC, AS ASSIGNEE OF MDC EASTERN HILLS, LLC, AS SUCCESSOR BY MERGER TO GLENMONT MDC EASTERN HILLS, LLC, PLAINTIFF-RESPONDENT,
v
ROCKY'S BIG CITY GAMES & SPORTS BAR, INC., DAVID SCRIVANI AND DAWN SCRIVANI, INDIVIDUALLY, DEFENDANTS-APPELLANTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
COLLIGAN LAW, LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered January 28, 2020. The order, among other things, denied defendants' cross motion to dismiss the third and fourth causes of action in plaintiff's complaint and to cancel the UCC-1 financing statement filed by plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the fourth cause of action insofar as it seeks damages beyond those permitted by the limited guaranty, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages and the possession of chattels after defendant Rocky's Big City Games & Sports Bar, Inc. (Rocky's) defaulted on a lease. Defendants cross-moved to dismiss the third cause of action, for replevin of the chattels, and the fourth cause of action, based on a limited guaranty executed by the individual defendants, and to cancel the UCC-1 financing statement filed by plaintiff. Although Supreme Court stated in its order that it was denying the cross motion in its entirety, in its bench decision the court in essence granted the cross motion in part by limiting the damages available under the fourth cause of action. We therefore modify the order accordingly to conform to the court's decision (see Kelly D. v Niagara Frontier Tr. Auth., 177 AD3d 1261, 1264 [4th Dept 2019]; Ramirez Gabriel v Johnston's L.P. Gas Serv., Inc., 143 AD3d 1228, 1230 [4th Dept 2016]).
Contrary to defendants' contention, the court properly denied those parts of their cross motion seeking to dismiss the third cause of action and to cancel the UCC-1 financing statement (see CPLR 3211 [a] [1], [7]). We decline to disturb the court's determination to deny, with leave to renew after further discovery, that part of the cross motion seeking to dismiss the third cause of action on the ground of plaintiff's alleged failure to plead a demand for the chattel and a refusal of that demand (see Employers' Fire Ins. Co. v Cotten, 245 NY 102, 105-106 [1927]; Iovinella v General Elec. Credit Corp., 79 AD2d 748, 749 [3d Dept 1980], lv denied 53 NY2d 607 [1981], appeal dismissed 53 NY2d 937 [1981]; Schanbarger v Dott's Garage, 61 AD2d 243, 245-246 [3d Dept 1978]; see also Chemical Bank v Society Brand Indus., Inc., 624 F Supp 979, 982 [SD NY 1985]). We agree with the court that the description of the chattels in the complaint is sufficiently specific to sustain a cause of action based on the Uniform Commercial Code or common-law replevin inasmuch as the complaint "reasonably identifies" the chattels by category, location, and a delineated period of time (UCC 9-108 [a]; see UCC 9-108 [b] [2], [6]; General Elec. Capital Commercial Automotive Fin. v Spartan Motors, 246 AD2d 41, 44, 52 [2d Dept 1998], appeal dismissed 93 NY2d 870 [1999]; cf. 1380 Hous. Dev. Fund v Carlin, 138 [*2]AD3d 613, 613 [1st Dept 2016]; see also Matter of Southern Illinois Railcar Co., 301 BR 305, 309-310 [Bankr SD Ill 2002]; see generally CPLR 3013). We further agree with the court that, when Rocky's authenticated a security agreement in the lease, it authorized plaintiff's predecessor in interest to file a UCC-1 financing statement perfecting the security interest in the categories of property covered by the security agreement (see UCC 9-509 [b]). Thus, contrary to defendants' contention, the terms of the lease did not require plaintiff's predecessor or plaintiff to obtain an additional signature from Rocky's in order to authorize the perfection of the security interest before filing the UCC-1 financing statement.
Finally, we reject defendants' contention that the fourth cause of action should be dismissed in its entirety. Rather, we conclude that, with respect to the fourth cause of action, the court properly granted only that part of the cross motion seeking to limit damages pursuant to the provisions of the limited guaranty signed by the individual defendants (see CPLR 3211 [a] [1]; see also Diaz v Little Remedies Co., Inc., 81 AD3d 1419, 1420 [4th Dept 2011]; Rice v University of Rochester Med. Ctr., 46 AD3d 1421, 1423 [4th Dept 2007]; Stern v Charter Oak Fire Ins. Co., 38 AD3d 1288, 1288 [4th Dept 2007]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court