■ CARMEN CARCHI et al., Respondents, v JOSEPH ANTENUCCI et al., Appellants. — In a medical malpractice action, defendants appeal from (1) a decision of the Supreme Court, Queens County, dated January 31, 1979, which held that defendants' motion to dismiss plaintiffs' complaint pursuant to CPLR 3211 (subd [a], par 5), should be denied on the ground that the motion was untimely; and (2) an order of the same court, dated March 6, 1979, which upon defendants' motion to reargue the decision, adhered to the original determination. (We deem the order to have been made upon the defendants' motion to dismiss and to have denied it.) Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision. Order reversed, without costs or disbursements, and matter remitted to Special Term for a determination on the merits of defendants' motion to dismiss. Defendants sent the plaintiffs the usual extension form which extended defendants' time "to appear and to answer * * * or to make any motion with relation to the summons or to the complaint". Plaintiffs executed the stipulation but added the following language: "Stipulated to provided answer does not allege statute of limitations or jurisdiction as a defense." As may be observed, the additional language limiting the types of defenses to be asserted made no reference to defendants' right to rely on such defenses in a motion and, indeed, the defendants then moved to dismiss on Statute of Limitations grounds. Since the limiting language in the newly added condition did not include motions, it cannot be construed to preclude defendants' current motion. Accordingly, Special Term should have determined the motion on the merits and the matter must now be remanded for that purpose. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.

■ JOHN CARLSON, Respondent-Appellant, v STERN'S BOATYARD, INC., Appellant-Respondent, et al., Defendant. — In an action to recover damages for conversion, plaintiff and defendant Stern's Boatyard, Inc., cross-appeal from an order of the Supreme Court, Nassau County, dated December 24, 1979, which granted both parties' motions for reargument of a prior order of the same court dated July 24, 1979, and, upon reargument, modified, in part, the prior order so as, *inter alia*, to reinstate plaintiff's cause of action for punitive damages. Order dated December 24, 1979 modified, on the law, by striking the provision reinstating plaintiff's cause of action for punitive damages. As so modified, order affirmed, without costs or disbursements. On the argument of this appeal, plaintiff withdrew his cause of action for punitive damages. We note that Special Term acted properly in granting partial summary judgment to plaintiff on the issue of liability for conversion. Defendant Stern's Boatyard's claim that it should not be held liable because it did not interfere with the plaintiff's right to *possession* of his boat is without merit, since it is "an unauthorized assumption and exercise of the right of *ownership* over goods belonging to another", which is the essence of conversion (see *Employers' Fire Ins. Co. v Cotten*, 245 NY 102, 105; emphasis added; *Bunge Corp. v Manufacturers Hanover Trust Co.*, 37 AD2d 409, 414). Damiani, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.