■ In the Matter of the Estate of MONA BISMARCK, Deceased. RUSSELL M. PORTER, as Executor of MONA BISMARCK, Deceased, et al., Respondents; LOMBARD, ODIER & CIE, Appellant. — In a proceeding pursuant to SCPA 2103 to obtain a turnover of certain assets belonging to the estate of decedent Mona Bismarck in the custody, *inter alia,* of the Morgan Guaranty Trust Company of New York (hereinafter Morgan Guaranty), the firm of Lombard, Odier & Cie appeals from (1) an order of the Surrogate's Court, Nassau County (Radigan, S.), dated December 9, 1983, which directed Morgan Guaranty to temporarily turn over the assets to the petitioner Russell Porter, executor of the decedent's estate, for investment purposes pending a determination, to be made after a hearing, as to whether said assets should be permanently turned over to the executor, (2) a decision of the same court, dated December 7, 1983 which, *inter alia,* directed the temporary turnover of assets, and (3) from a decision of the same court, dated November 14, 1983, which, *inter alia,* denied its application for a stay of the proceeding upon the ground that comity should be accorded to an order of a Swiss court which allegedly directed that all assets of the estate be "sealed". Appeals from the decisions dismissed. No appeal lies from a decision (see CPLR 5512; *Carchi v Antenucci,* 79 AD2d 981). Order affirmed. Respondents are awarded one bill of costs. Lombard, Odier & Cie, a Swiss banking firm, had managed decedent's assets worldwide, depositing some of her cash and securities in custody accounts at Morgan Guaranty in New York. After decedent's death on July 10, 1983, and following his appointment as preliminary executor of the estate pursuant to a will subsequently admitted to probate in Nassau County, Russell Porter commenced this turnover proceeding pursuant to SCPA 2103 seeking custody of the assets in Morgan Guaranty's possession, averring that no one had managed them since the time of decedent's death. the Surrogate's Court directed a turnover of the assets for investment purposes only and on appeal Lombard, Odier & Cie contends that this turnover was improper since prior orders of a Swiss court blocked transfer of any of the assets of decedent's estate in the control of Lombard, Odier & Cie. We cannot agree. By its terms, the order of the Court of First Instance of the Republic and Canton of Geneva, dated October 26, 1983, which supersedes an earlier order of the same court issued October 7, 1983, merely blocks transfer of those assets of decedent in Geneva which are in the possession of Lombard, Odier & Cie and two other firms or deposited for their account with third parties in Geneva. As the Swiss order is limited to assets in Switzerland, there is no question that the Surrogate acted properly, even commendably, in ordering the turnover of assets located in New York so as to prevent their waste (see, e.g., *Matter of Simenowitz,* 36 AD2d 760; 63 NY Jur [rev], Waste). We have considered the other issues raised by Lombard, Odier & Cie and find them to be without merit. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.