■ STEPHEN J. DiMARCO, Appellant, v BARON LINCOLN MERCURY, INC., Respondent. [805 NYS2d 415]—

In an action, inter alia, to recover damages for conversion of a sum of money, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Weiss, J.), entered September 27, 2004, as, after a nonjury trial, and upon an order of the same court dated June 4, 2004, denying his motion pursuant to CPLR 4404 (b) to set aside the decision and for judgment as a matter of law, is in favor of the defendant dismissing the complaint insofar as it sought damages for conversion.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is granted, the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment in favor of the plaintiff and against the defendant in the principal sum of $23,209.05, and the order is modified accordingly.

The plaintiff and the defendant agreed that the plaintiff would purchase a certain Lincoln Town Car automobile (hereinafter the Lincoln), originally leased by the plaintiff's uncle, for its option price of $23,209.05. The Lincoln had originally been leased from Ford Motor Credit Co. The lease was expiring and the plaintiff arranged with the defendant to exercise the purchase option.

At the trial, the plaintiff testified on his own behalf, while Michael Cohen, the defendant's Chief Operating Officer, testified on the defendant's behalf. Neither party produced any other witness. The plaintiff testified that on March 23, 1995, after finding out that the paperwork was not done yet, he handed one of the defendant's employees a check for $23,209.05. He instructed him to hold it until the paperwork was completed. Then he would return to sign the paperwork and the defendant could then cash the check. The plaintiff never returned to the defendant nor did he sign any papers for the defendant.

Cohen admitted that the defendant cashed the check the day after receiving it from the plaintiff. He further admitted that one of the defendant's employees signed the plaintiff's signature to certain documents it had forwarded to the New York State Department of Motor Vehicles and that no new title was ever issued to the plaintiff. He also admitted he did not remember meeting the plaintiff. The record is silent as to why the defendant did not produce any other witnesses.

The defendant is correct in its contention that at a nonjury trial, the trial judge is the trier of fact and is in the best posi-

tion to determine credibility, having actually observed the witnesses. However, on an appeal from a judgment after such a trial, the scope of our review is as broad as that of the trial judge. In this instance we find that the trial judge erred and the plaintiff was entitled to judgment as a matter of law.

The plaintiff's testimony was the only proof as to the instructions the defendant was given concerning the $23,209.05 check alleged to have been converted by the defendant. The plaintiff testified without contradiction that when he gave it to the defendant's employee he also instructed that employee to hold it and not deposit it until he signed the paperwork. He also testified without contradiction that he never signed any paperwork, nor did he return to the defendant's place of business. There was no testimony from the defendant that this arrangement was not acceptable to it. Nor was there any testimony or any explanation as to why the defendant's employee who accepted the check did not testify.

Moreover, the plaintiff's testimony was corroborated in part by the defendant's own witness, who admitted that the defendant deposited the check almost immediately after receipt and that one of its employees signed the plaintiff's signature on official paperwork that the plaintiff was *personally required to sign* and which the defendant then transmitted to Albany (*see* 15 NYCRR 78.11).

Under these factual circumstances, the defendant had no authority to do anything other than hold the plaintiff's check. The defendant was not authorized to deposit the check. By depositing the check the defendant converted it, engaging in the "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights" (*State of New York v Seventh Regiment Fund*, 98 NY2d 249, 259 [2002] [internal quotation marks omitted]; *see Carlson v Stern's Boatyard*, 79 AD2d 981 [1981]; *Employers' Fire Ins. Co. v Cotten*, 245 NY 102, 105 [1927]).

Since the defendant's proof failed to controvert these facts, the plaintiff should have been awarded judgment in his favor on his claim for conversion.

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.